Walter Johnson, et al., Plaintiffs-Appellants, v. The Board of Education of the City of Chicago; Frank M. Whiston, et al., Members of the Board of Education of the City of Chicago, and Benjamin C. Willis, Superintendent of Schools, Defendants-Appellees.

Gen. No. 50,963.

First District, Third Division.

January 5, 1967.

Marshall Patner, of Chicago, for appellants.

James W. Coffey, of Chicago (Frank S. Righeimer, John T. Mehigan and Michael J. Murray, of counsel), for appellees.

John W. Hunt, of Chicago, for defendants, Warren H. Bacon, Raymond W. Pasnick and James W. Clement.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The plaintiffs, who are citizens, taxpayers and parents of children attending the public schools of Chicago, brought an action for declaratory judgment against the Board of Education of the City of Chicago, the individual members of the board and Benjamin C. Willis, challenging the latter's reappointment as General Superintendent of Schools. The reappointment, approved in a regular session of the board on May 27, 1965, by a vote of seven to four, was for a four-year term commencing September 1, 1965.

The plaintiffs contended that the decision of the board was void because it had been arranged in a prior executive session of the board and not in a meeting open to the public, as provided by paragraph 42, chapter 102 of the Illinois Revised Statutes of 1963; and further, that the reappointment was really for a period of 16 months—not for a term of four years as required by law (Ill Rev Stats,

1963, c 122, § 34–6)—because it was conditioned upon Willis' promise to retire upon reaching his 65th birthday on December 23, 1966.

Three of the four members of the board who had voted against the reappointment filed an answer to the plaintiffs' complaint which agreed with the plaintiffs that the majority had circumvented the statute (chapter 122, section 34–6) by exacting from Willis an enforceable commitment limiting his appointment to the 16-month period. The three defendants adopted the position of the plaintiffs and prayed for the same relief.

The remaining defendants moved to dismiss the complaint and the plaintiffs countered with a motion for summary judgment. The defendants' motion was granted and the plaintiffs' denied. The plaintiffs appealed.

The principal defendants have moved to dismiss the appeal; their motion asserts that due to events subsequent to the filing of the briefs the case has become moot. In support of their motion and attached thereto is the affidavit of one of the defendants, Frank S. Whiston, President of the Board of Education, which states that Willis submitted his resignation as superintendent in May 1966, to be effective August 31, 1966, and it was accepted by the board on that date.

The plaintiffs oppose this motion and argue that the case is one of public interest and should be decided for the future guidance of board members.

██ The general rule is that where the issues involved in the trial court no longer exist, a court of review will dismiss the appeal. People v. Redlich, 402 Ill 270, 83 NE2d 736 (1949) ; Blue Bird Air Service, Inc. v. City of Chicago, 321 Ill App 531, 53 NE2d 471 (1944). There is, however, an exception to this rule: even though a case be moot in the normal sense, if the question presented is of substantial public interest the case will be retained and the question decided. People ex rel. Wallace v. Labrenz, 411 Ill 618, 104 NE2d 769 (1952).

■ ■    In determining whether or not a question is of sufficient public interest to warrant consideration, certain criteria must be considered. These are: (1) the public nature of the question; (2) the desirability of an authoritative determination for the future guidance of public officers, and (3) the likelihood of further recurrence of the question. People ex rel. Wallace v. Labrenz, supra; Daley v. License Appeal Commission, 55 Ill App2d 474, 205 NE2d 269 (1965). The fact that one party to a suit is a public entity is not sufficient, in and of itself, to justify a reviewing court in retaining a case otherwise moot. See e. g.: Daley v. License Appeal Commission, supra; People ex rel. Cairo Turf Club v. Taylor, 2 Ill2d 160, 116 NE2d 880 (1954); Goers v. Carpentier, 27 Ill App2d 355, 169 NE2d 858 (1960); Maywood Park Trotting Ass'n, Inc. v. Illinois Harness Racing Commission, 15 Ill2d 559, 155 NE2d 626 (1959). That the present case is between citizens on the one hand and the Board of Education and the individual members thereof on the other, is an important, but not necessarily a decisive, factor in adjudicating the motion to dismiss the appeal.

■    In determining whether a decision in the instant case is desirable for the future guidance of members of the Board of Education, consideration must be given to the two statutes involved. The first (Ill Rev Stats, 1963, c 102, para 42) is concerned with the holding of public meetings by various public authorities. The language of this statute is unequivocal and no guidelines we might lay down could make for more clarity than already exists. Furthermore, whether or not a public body acted incorrectly under this statute would necessarily be dependent upon the particular facts of each situation that might arise and, for this reason, any determination that we might make would not be of great import to future cases.

The second statute (Ill Rev Stats, 1963, c 122, § 34) applies to cities with a population of over 500,000 and

25

therefore, at the present time, relates only to the City of Chicago. Since the entire section is so limited in its application there can be neither a widespread interest nor a pressing need for a decision interpreting subsection 34–6 in its relationship to the isolated situation that arose in the case at bar.

The final criterion (likelihood of recurrence) also leads to the conclusion that the suit is one that should be dismissed. Inasmuch as section 34 pertains only to Chicago and subsection 6 thereof provides that the General Superintendent of Schools shall be appointed for four-year terms, it is highly improbable, because of the infrequency of such appointments, that a like question will again arise.

The resignation of Superintendent Willis ended the controversy between the parties. The case is now moot and the appeal will be dismissed.

Appeal dismissed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.