William Joseph Breault and Bonnie Jo Ellen Kathryn Breault, Plaintiffs-Appellants, v. Harold L. Feigenholtz and Richard Dahm, Individually and as Executors and Trustees Under the Will of Kathryn M. Breault, Deceased, Harold L. Feigenholtz, as Executor and Trustee Under the Will of Oscar J. Breault, Deceased, Estelle Breault, Wesley Memorial Hospital, St. Hedwig Industrial School for Girls and Polish Manual Training School for Boys, and Kenneth Breault, Defendants-Appellees.

Gen. No. 53,181.

First District, Fourth Division.

June 26, 1970.

Rehearing denied October 5, 1970.

· John J. Yowell and G. Kent Yowell, of Chicago, for appellants.

Jacob Shamberg, of Chicago, for appellees.

MR. PRESIDING JUSTICE STAMOS delivered the opinion of the court.

Plaintiffs, as assignees of a vested remainderman under the testamentary trust created by the will of Kathryn Breault, appeal from the Circuit Court's dismissal of their suit for an accounting and appointment of a receiver.

Plaintiffs are two of three grandchildren of Kathryn Breault, deceased, and children of Oscar J. Breault by his second wife Florence. Kathryn died August 3, 1952, leaving a Last Will and Testament devising the residuary property to Harold Feigenholtz and Richard Dahm, as trustees, for the benefit of her son Oscar Breault during his lifetime. The pertinent provisions of the will provide:

> "SIXTH: Payments to all beneficiaries of the trust estate, excepting minors and persons under disability, shall be made to such beneficiaries in person or upon their personal receipt and to no-one else and no interest of any beneficiary shall be assignable in anticipation of payment nor be liable in any way for such beneficiaries debts or obligations.
>
> "During the minority of any beneficiary, the Trustees may pay such income in any of the following ways:

2

"(a) Directly to said minor;

"(b) To the legal guardian of said minor;

"(c) To a relative of said minor to be expended by such relative for the support, maintenance and education of said minor; and

"(d) By the Trustees themselves expending the sum directly for the education and maintenance of said minor.

. . . . . .

"TENTH: The Trust Estate shall be distributed both as to income and principal, in the following manner:

"(A) The Trustees shall pay over and distribute to my son, OSCAR J. BREAULT, all of the net income from the Trust Estate in installments not less frequently than quarter annually from the time of my death and as long as he shall live.

"(B) I hereby direct and provide that no part of the income from the trust estate, and no part of the corpus of said trust estate hereinbefore created for the benefit of my son, OSCAR J. BREAULT, shall ever be liable in any way for any debts that my said son may at any time contract, or for any debts that he may have contracted, and shall never be liable for any other claim of any kind against him.

"(C) If at any time, for the proper support and maintenance of my said son, or for any other purpose deemed expedient to my said Trustees, it shall be advisable to pay unto said OSCAR J. BREAULT, any sums greater than the annual net income derived from my said Estate so held for the benefit of my said son, then I direct my

3

said Trustees, to pay such sums unto said OSCAR J. BREAULT, and in order to raise additional sums, I direct and empower my said Trustees, in their discretion, to mortgage, pledge, or sell any portion of the said Trust Estate for their benefit; if such action seems necessary.

"I desire my Trustees to so administer the Trust herein created so that in their dealings with my said son, they shall as nearly possible deal with and treat him as I would myself were I living.

"(D) Upon the death of my son, OSCAR J. BREAULT, the property of the Trust Estate shall be distributed according to the provisions and terms of the Last Will and Testament of my said son, OSCAR J. BREAULT, and if he shall fail to execute a Will, or if such Will shall not be admitted to probate, I hereby direct distribution of said Trust Estate in the following manner:

"One-third (1/3) thereof to the LITTLE SISTERS OF THE POOR of Chicago.

"One-third (1/3) thereof to the ST. HEDWIG INDUSTRIAL SCHOOL FOR GIRLS, 7135 No. Harlem Avenue, Niles, Illinois.

"One-third (1/3) thereof to the POLISH MANUAL TRAINING SCHOOL FOR BOYS, 7135 N. Harlem Avenue, Niles, Illinois.

"(E) If in the sole judgment of the Trustees, the income payable to my son, OSCAR J. BREAULT shall at any time be, in their

4

judgment insufficient to provide for any unusual expense caused by illness, operation, or other physical incapacity, or to provide for proper support, then the Trustees are authorized to apply for such purposes, such sum or sums from the principal of the Trust Estate as in their judgment appears to be necessary.

"(F) All payments of income or distribution of principal to OSCAR J. BREAULT hereunder, shall be made to said OSCAR J. BREAULT in person, or upon his personal receipts, and not be liable or taken for any obligation of said beneficiary, including alimony.

"(G) At any time after three years of administration of this Trust, the Trustees named herein or their successors, feel that my said son, OSCAR J. BREAULT, has become competent to personally handle the corpus of this Trust, the aforesaid Trustees are hereby given the power to terminate this Trust and to deliver to my said son, the entire corpus of this, my Trust."

Kathryn's estate included all the stock of Brolite Company, Inc., title to which passed to Feigenholtz and Dahm as trustees on the closing of Kathryn's estate on June 8, 1953.

Oscar died on July 16, 1959, and Feigenholtz was appointed administrator to collect on August 5, 1959. An instrument purporting to be the will of Oscar was admitted to probate on October 14, 1959, with Feigenholtz acting as executor. The residuary clause of the purported will devised Oscar's property and any property subject to power of disposition under the terms of Kathryn's will to Feigenholtz as Trustee. Estelle Breault,

5

Oscar's third wife, was to receive the income for her life and upon her death the income was to be paid in equal shares to William, Bonnie and Kenneth, Oscar's three children, until the youngest reaches the age of 40 years. The corpus was then to be distributed to the three children (five percent each) and Wesley Memorial Hospital (eighty-five percent).

On July 1, 1960, plaintiffs filed a petition to contest Oscar's will in United States District Court which was subsequently dismissed for want of federal jurisdiction on December 19, 1966, "without prejudice to plaintiffs right to institute said action in the Circuit Court of Cook County, Illinois."

On June 1, 1965, the United States District Court in Breault v. Feigenholtz, 250 F Supp 551 (1965), a declaratory judgment action, stated in its declaratory decree:

> "That St. Hedwig Industrial School for Girls, Polish Manual Training School for Boys and Little Sisters of the Poor of Chicago, were given remainders under the last will and testament of Kathryn M. Breault, deceased, which remainders vested upon her death, subject to defeasance should Oscar J. Breault exercise by his will the power of appointment bestowed upon him by the said will of his mother, Kathryn M. Breault, deceased; and that should the last will and testament of Oscar J. Breault, deceased, which exercised said power of appointment, be set aside, the said remainders would vest in possession of said three charities, and they would then be entitled to the property in the trust under the last will and testament of Kathryn M. Breault, deceased; that the trust under the will and testament of Kathryn M. Breault, including the distribution and provisions thereof, is valid."

6

The Little Sisters of the Poor then assigned their vested remainder interest under Kathryn's will to plaintiffs on April 1, 1966.

On August 17, 1967, plaintiffs reinstituted the contest of Oscar's will in the Circuit Court of Cook County where it is now pending.

Plaintiffs filed this action on February 6, 1968, in their joint capacities as beneficiaries under the will of Oscar and as assignees of the vested remainder under the will of Kathryn. They alleged that the trustees had failed to account to any of the interested parties since the death of Oscar. Plaintiffs further alleged various acts of waste and mismanagement by the trustees Feigenholtz and Dahm and contended that they are trustees de son tort. Based upon these allegations plaintiffs requested appointment of a receiver and an accounting.

Defendants moved to strike the complaint and dismiss the cause contending the assignment of the remainder interest of the Little Sisters of the Poor is null and void as a violation of clause "Sixth" of Kathryn's will. The court held the interest of the Little Sisters of the Poor to be nonassignable and sustained defendant's motion to dismiss as to plaintiffs in their capacity as assignees of the charity. However, the court retained jurisdiction of the cause as to plaintiffs in their capacity as beneficiaries under the will of Oscar pending the outcome of the will contest.

Plaintiffs appeal contending that the trial court erred in holding clause "Sixth" applicable to the Little Sisters of the Poor and that even if the clause were applicable, it would constitute an invalid restraint on alienation.

OPINION

Plaintiffs maintain that the word "beneficiaries" in clause "Sixth" refers only to the single income benefi-

7

ciary, Oscar Breault, and that therefore, the clause presented no bar to the assignment of the vested remainder of the Little Sisters of the Poor. Plaintiffs' argument is based on the premise that the will is a product of "careless draftsmanship," which is best illustrated by the second paragraph of clause "Sixth." The paragraph provides for payments of income to minor beneficiaries. However, at the time of execution of the will, the only income beneficiary had already attained majority. Plaintiff also emphasizes the observations of the courts in In re Estate of Breault, 29 Ill2d 165, 177, 193 NE2d 824 (1963) and Breault v. Feigenholtz, 250 F Supp 551, 559 (1965) wherein the language of the will is referred to as "careless draftsmanship" and "ill chosen words."

Plaintiffs contend that the word "beneficiaries" is also a product of this imperfect rhetoric, in view of the intention evinced from the entirety of the document. Plaintiffs' initial observation is that Kathryn distinguished "payments" of income from "distribution" of corpus. Clause "Sixth" provides "Payments to all beneficiaries" which the plaintiffs reason refers to income disbursals. Additionally, the second paragraph of clause "Sixth" immediately following the purported bar to assignment, provides "pay such income." Plaintiffs reason that the phrase "pay such income" refers back to the preceding paragraph's "Payments to all beneficiaries," thereby further defining the singular applicability of the first paragraph.

Plaintiffs next contend that only if clause "Sixth" is limited to payments of income to Oscar, do clauses "Tenth (B)" and "Tenth (F)" provide purpose. These clauses then protect Oscar from creditors, not only in respect to income, but also with respect to distributions of principal. Plaintiffs then state that clause "Tenth (G)" demonstrates Kathryn's overriding concern was for Oscar, implying a reason and purpose for clause

8

"Sixth" not demonstrated in relation to the three charities.

However, defendants perceive no such intent to exclude the charities from the limitation of clause "Sixth" and rely heavily upon the use of the plural "beneficiaries" as indicative of Kathryn's intent to prevent a "discount" sale of the charitable interests. Defendants disagree with plaintiffs distinction of "payments" of income from "distribution" of corpus and cite the first paragraph of clause "Tenth" which provides:

> "The Trust Estate shall be distributed both as to income and principal, in the following manner:"

Defendants further contend that if clause "Sixth" is a limitation pertaining only to Oscar's income payments, then clauses "Tenth (B)" and "Tenth (F)" would be complete duplications as applied to the income beneficiary.

■ The cardinal rule to be observed in construing a will is that the intention of the testator, as evidenced from the language of the will, is to be followed, Caracci v. Lillard, 7 Ill2d 382, 130 NE2d 514 (1955). Effect must be given to the whole will, since the testator's intention cannot be determined from the language of any particular clause, phrase or sentence. Williams v. Fulton, 4 Ill2d 524, 123 NE2d 495 (1954).

Defendants place undue emphasis upon the plural "all beneficiaries" in derogation to the intention of Kathryn as evidenced by a reading of the entire will. It is difficult to garner any clear intention from clause "Sixth" itself. The second paragraph is completely inoperative as never being applicable to any state of affairs before or after the testator's death. The second paragraph relates back to the first paragraph as to payments of income only, while the plural "all beneficiaries" is referred to in the first. These ambiguities are fur-

ther compounded by the fact that clause "Sixth" will be duplicative of other clauses no matter how it is construed.

However, a reading of the entire will gives rise to a recurring theme, protection of Oscar from himself and his creditors. Clauses "Tenth (B)" and "Tenth (F)" both provide protection for Oscar from creditors. Clause "Tenth (G)" evidences testator's belief that Oscar was incompetent to handle large sums of money.

There is no such concern evidenced on behalf of the vested remaindermen, unless clause "Sixth" is construed to be applicable to them. However, to so construe the clause would hardly do justice to the intention of the testator as evidenced by the rest of the will. Additionally, clause "Sixth" pertains to "payments." In all other clauses of the will "payments" refer to income disbursals, thereby negating by implication any intention to include the remaindermen within the provisions. It is apparent to this court that Kathryn's intention was to prevent assignments by Oscar against his best interests.

■ Therefore, we feel the language of the will, and in particular clause "Sixth" evinces no intention to bar assignment of the remainder interests bequeathed to the charities. The assignment of the remainder to plaintiffs was valid and the trial court erred in holding it violative of the provisions of the will. The judgment is reversed and the cause remanded.

Reversed and remanded.

ENGLISH and LEIGHTON, JJ., concur.