(No. 43752.—

WILLIAM JOSEPH BREAULT *et al.*, Appellees, v. HAROLD L. FEIGENHOLTZ *et al.*, Appellants.

*Opinion filed January 26, 1973.—Rehearing denied May 15, 1973.*

RYAN, J., took no part.

IRA D. SCHULTZ, of Chicago (SIDNEY Z. KARA-SIK, of counsel), for appellants.

YOWELL and YOWELL, of Chicago (G. KENT YOWELL, of counsel), for appellees.

WILLIAM J. SCOTT, Attorney General, of Springfield (FRANCIS T. CROWE and SAMUEL E. HIRSCH, Assistant Attorneys General, of counsel), for intervenor.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

We granted leave to appeal from a reversal by the appellate court of a judgment of the circuit court of Cook County dismissing that portion of a complaint in which plaintiffs prayed for an accounting of trust assets as assignees of a vested remainder subject to divestment. (*Breault v. Feigenholtz (1970), 128 Ill. App. 2d 1.*) The Attorney General was allowed to intervene as a party defendant in this appeal.

On August 3, 1952, Kathryn Breault died leaving a will which devised the bulk of her substantial estate to defendants, Harold L. Feigenholtz and Richard Dahm as trustees for the benefit of her son Oscar during his lifetime. Oscar received a general testamentary power of appointment over the trust assets but if this power was not exercised the assets were to be distributed to three specified charities. Oscar subsequently died leaving a last will and testament which exercised this power. Thereafter, protracted litigation was commenced of which this appeal is a portion. (See *Breault v. Feigenholtz (1973), 54 Ill.2d 173.*) On April 1, 1966, Little Sisters of the Poor of Chicago, one of the charities given a vested remainder subject to divestiture under the terms of Kathryn's will,

assigned its interest "in consideration of One Dollar ($1.00) and other valuable considerations" to plaintiffs, William and Bonnie Jo Ellen Breault, two children of Oscar Breault, who are also beneficiaries in Oscar's will.

They brought an action in their joint capacities as Oscar's beneficiaries and as assignees of the vested remainder. They prayed that the court appoint a receiver to manage Kathryn's trust and that defendants render a complete accounting of the trust assets from July 16, 1959 (the date of Oscar's death).

The trial court dismissed the complaint as it related to plaintiffs' standing to sue as assignees, ruling that Kathryn's will made the charitable interest nonassignable. However, the trial court reserved ruling on that portion of the complaint concerning their standing to sue as beneficiaries of Oscar's will pending the outcome of litigation challenging the validity of that document. (*Breault v. Feigenholtz (1973), 54 Ill.2d 173.*) The appellate court reversed, holding that Kathryn's will did not evidence an intent "to bar assignment of the remainder interests bequeathed to the charities." 128 Ill. App. 2d 1, 10.

Three issues are raised: (1) the validity of the assignment of the vested remainder created under Kathryn's will; (2) the right of the Attorney General of the State of Illinois by statute (Ill. Rev. Stat. 1971, ch. 14, par. 62) to inquire as to the *bona fide* nature of the assignment; and (3) the assignees' relation as trustees of the assigned interest for the charitable purposes designated under the will.

We need not consider the issues raised in this case, however, for we find that they are moot. In *Breault v. Feigenholtz (W.D. Mo. 1965), 250 F. Supp. 551,* the Federal District Court held that the provisions of Oscar's will exercising the power of appointment were not violative of the rule against perpetuities. The court concluded that the charitable bequests would become effective if Oscar's will exercising the power of appoint-

ment was procured by fraud or undue influence. In affirming this decision, the Court of Appeals stated that "the remainder to the charities was not contingent but was vested in the three charities upon Kathryn's death, *subject to divestiture should Oscar effectively exercise the power of testamentary disposition granted him by Kathryn's will.*" (Emphasis ours.) *Breault v. Feigenholtz (7th cir. 1966), 358 F.2d 39, 44.*

We have previously decided that Oscar's will did not appoint the assets of Kathryn's trust to his own estate. (*In re Estate of Breault (1963), 29 Ill.2d 165.*) We have decided this term that a directed verdict in favor of the proponents of his will was properly granted because the allegation that it was procured by undue influence was not sustained by the evidence. (*Breault v. Feigenholtz (1973), 54 Ill.2d 173.*) We therefore conclude that the vested remainders of the three charities have been divested by the appointment of the trust assets under his valid will.

None of the primary litigants to these proceedings will benefit from a decision of this court, for the interest in question no longer entitles plaintiffs to an accounting even if it were construed as properly assignable. Thus plaintiffs, as assignees of an effectively divested remainder, would lack proper standing to demand an accounting. See *Patterson v. Johnson (1885), 113 Ill. 559, 576;* 1 C.J.S., Accounting, sec. 30.

We need not consider the issue raised by the Attorney General pertaining to the Charitable Trust Act. (Ill. Rev. Stat. 1971, ch. 14, par. 51 *et seq.*) His contention that the assignor, the Little Sisters of the Poor, was a trustee within the meaning of the Act, which might entitle him to institute inquiry into the transaction, has no force in view of our holding. Since we have held that Oscar has validly exercised the testimentary power of appointment, it is manifest that the assignor can receive no trust property which could be assigned and the trust has ceased to exist. Nor is it necessary to consider his contention that

plaintiffs took this remainder in trust to accomplish the charitable purpose of the assignor, for this interest has been divested.

For the aforementioned reasons the decision of the appellate court is reversed and the circuit court is affirmed.
*Appellate court reversed; circuit court affirmed.*

MR. JUSTICE RYAN took no part in the consideration or decision of this case.