ILLINOIS NEWS BROADCASTERS ASSOCIATION *et al.*, Plaintiffs-Appellees, *v.* THE CITY OF SPRINGFIELD, Defendant-Appellant—(LOWELL TURLEY *et al.*, Separate Defendants-Appellants.)

(No. 73-140; ▮▮▮▮▮▮)

Fifth District—May 16, 1974.

*Rehearing denied September 26, 1974.*

Howarth & Howarth, of Springfield (Nelson Howarth, John E. Howarth, and David N. Howarth, of counsel), for appellants Turley and Bonds.

D. Bradley Blodgett, Corporation Counsel, of Springfield, for appellant City of Springfield.

Longrigan, Potter & Billington, of Springfield, for appellees.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendants appeal from an order of the Circuit Court of Madison County which found them in violation of the Illinois open meetings law (Ill. Rev. Stat. 1971, ch. 102, par. 41 *et seq.*).

On March 13, 1972, the Springfield Human Relations Commission, an advisory body to the City of Springfield, held a closed meeting. The purpose of the meeting was to discuss whether the Commission should recommend to the mayor (1) retention of its executive director, and (2) salary increases for the Commission's four paid positions. The Commission failed to give any notice to the public or the public information media that it was holding this meeting. Media representatives who learned of the meeting were refused admission on the grounds that the meeting's purpose was to discuss personnel. Minutes of this closed meeting revealed that 16 of the 25 Commission members were present and constituted a quorum to carry on business. In addition, some of the Commission's salaried staff were present, presumably because the Commission's order of business that evening concerned them personally. After discussion, the Commission voted to recommend to the mayor (1) that the executive director of the Commission be discharged and (2) that the salaries paid to the Commission's four employees be increased. Subsequently, the mayor did discharge the executive director, but the salary increases were not all approved.

Plaintiffs sued for a writ of mandamus and a declaratory judgment. This case was tried in Madison County after a change of venue. The trial court, after considering the pleadings, admissions, affidavits, exhibits, briefs and arguments, decided there was no genuine issue of fact, but there was an issue of law concerning whether the Illinois open meetings law was constitutional and applicable to the City of Springfield, a home rule unit. In a summary judgment, the court declared the open meetings law constitutional and applicable to the City of Springfield and its advisory Human Relations Commission. Specifically, the court held the Springfield Human Relations Commission, on March 13, 1972, violated the open meetings law insofar as discussion and action on salaries and action (but not discussion) on the dismissal of its executive director were held behind closed doors. Because the issues were moot, the court denied mandamus, but issued a declaratory judgment because it thought a substantial public interest would be served.

■■ Specifically at issue was whether the open meetings law applied to the City of Springfield since it was a home rule unit, and whether the Springfield Human Relations Commission could hold a closed meet-

ing under the exceptions provided in the open meetings law to discuss and make recommendations concerning dismissal of its executive director and salary increases for its four paid positions. These issues are moot. There is a well established exception in Illinois to the mootness rule; it allows a declaratory judgment on moot issues if the issues are of substantial public interest. (*People ex rel. Wallace v. Labrenz,* 411 Ill. 618, 104 N.E.2d 769; *Partney v. Dallas,* 111 Ill.App.2d 261, 250 N.E.2d 166.) However, this exception is applied narrowly and courts are very reluctant to render advisory opinions on moot questions. (*Johnson v. Board of Education,* 79 Ill.App.2d 22, 223 N.E.2d 434; *Hill v. Murphy,* 14 Ill. App.3d 668, 303 N.E.2d 208.) The public interest must be very clear to prevent the dismissal of an appeal involving only moot questions. In determining whether there is sufficient public interest, three criteria are to be considered in deciding to bring the moot case within the public interest exception: (1) the public nature of the question, (2) the desirability of an authoritative determination for the future guidance of public officers, and (3) the likelihood of future recurrence of the question.

In *Johnson v. Board of Education,* 79 Ill.App.2d 22, 223 N.E.2d 434, the court held that the open meetings law is so clear and unequivocal that there is not sufficient public interest in a judicial interpretation of that statute to bring the issues within the public interest exception to the mootness rule. We agree. The open meetings law clearly applies to the City of Springfield by virtue of Public Act 78-448 (Ill. Rev. Stat. 1973, ch. 102, par. 46). The plain language of the open meetings law says public bodies, including advisory bodies to home rule units such as the Springfield Human Relations Commission, must meet publicly unless they are authorized by statute to hold closed sessions in certain instances; the exceptions allowing closed meetings are few and must be narrowly construed because they derogate the general policy of open meetings.

■■ In summary, the issues of this case are moot and do not call for a judicial opinion. The recent amendment to the open meetings law specifically makes the provisions of the Act the minimum requirements for home rule units; therefore, the open meetings law does apply to the City of Springfield and its Human Relations Commission even if it did not before. The executive director is long gone and the salary changes for fiscal year 1972-73 are merely part of the city's budget history and are of no consequence today. We agree with the trial court that it would be absurd to say the Commission must now hold a new meeting to consider these matters in public. In addition, we are of the opinion that this case has not met the three criteria to allow the application of the public

interest exception to the mootness rule. Although the questions involved are public in nature, the present law is so clear that an authoritative determination for future guidance is not needed and the likelihood of future recurrence of these same questions is improbable. Therefore, this court will not render a declaratory judgment.

This case is now moot and therefore this appeal is dismissed.

Appeal dismissed.

EBERSPACHER and CREBS, JJ., concur.