Brook Forest Community Association *et al.*, Plaintiffs-Appellants, *v.* Du Page County Board of Supervisors *et al.*, Defendants-Appellees. —(The Village of Oak Brook, Intervenor-Appellant.)

(Nos. 74-286, 74-287 cons.;

Second District (2nd Division)—November 26, 1975.

L. Louis Karton, Alvin DeJong, and Maher, Bianucci, Newman & Schlax, all of Chicago, for appellants.

John J. Bowman, State's Attorney, of Wheaton (James F. Campion, Assistant State's Attorney, of counsel), for appellees.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

This is an appeal from the trial court's "final judgment order entered on July 22, 1974, which dismissed the causes of action of Plaintiffs-Appellants and Intervenor-Appellant." Plaintiffs-appellants are property owners and members of the community associations of several communities adjacent to 31st Street in Du Page County. The intervenor-

appellant is the Village of Oak Brook, a municipality, which was given leave to intervene as an additional plaintiff.

The complaint prayed for a temporary injunction restraining the Du Page County Board of Supervisors from proceeding with a construction project for the widening of 31st Street where it runs through the Village of Oak Brook.

The property owners contend: (a) the proposed construction will depreciate their property, have an adverse environmental impact generally along 31st Street and endanger existing zoning restrictions and (b) that the proposed construction is illegal because (1) the meeting of the Du Page County Board at which it was authorized was in violation of the Public Meetings Act (Ill. Rev. Stat. 1973, ch. 102, par. 43) and (2) the Village did not give its approval to such construction as, it is contended, is required by the language of the Highway Code (Ill. Rev. Stat. 1973, ch. 121, par. 5—408).

There is also a contention that the proposed widening of 31st Street was approved without a proper environmental study in violation of the provisions of the Environmental Protection Act.

No evidence was taken and the court heard only arguments of law. At the conclusion of the arguments the trial court granted the County Board's motion to dismiss the complaint.

During oral argument in this court it was acknowledged by counsel for the plaintiffs that the widening of 31st Street, which the plaintiffs sought to restrain, has now been completed. This fact makes the question of an injunction to prevent such construction now moot.

■■ The plaintiffs ask that this court issue a written opinion in this case, in spite of the mootness of the issues raised, for clarification and guidance should these same issues be raised in future litigation, and especially as to the construction of section 5—408 of the Highway Code (Ill. Rev. Stat. 1973, ch. 121, par. 5—408), reading as follows:

"§ 5—408. The county board, with the approval of the corporate authorities in the case of a municipality with a population of over 500, and in its own discretion in the case of a municipality with a population of 500 or less, may construct or maintain with county funds a highway or street, or part thereof, lying within the corporate limits of any municipality within the county, to connect or complete a county highway located to the corporate limits of such municipality."

■■ We are not persuaded that any useful purpose would be served by issuing an opinion on this point. In *Dee-El Garage, Inc. v. Korzen*, 53 Ill.2d 1, 11, the Supreme Court said: "Where there is no real question involving actual interests or rights for a court of review to consider, the

court should not review the case and render an opinion merely for the purpose of establishing precedent." Following well-established principles, the court further said in *Wheeler v. Aetna Casualty & Surety Co.*, 57 Ill.2d 184, where, due to a settlement, the case had become moot:

> "The proposition is established that a court of review will not ordinarily dispose of an appeal on its merits where the court has notice of facts that demonstrate that no actual rights or interests of the parties will be affected thereby. (*Breault v. Feigenholtz*, 54 Ill.2d 185, 188; *Dee-El Garage, Inc. v. Korzen*, 53 Ill.2d 1, 11; *Siefferman v. Johnson*, 406 Ill. 392, 396.)" (57 Ill.2d 184, 189.)

The court accordingly refused on the ground of mootness to consider the case on its merits.

The same result was reached in *City of Joliet v. Sielaff*, 27 Ill.App.3d 450 (where a building project was discontinued when State funding was cut off). This court considered the question of mootness in the recent case of *Hazdra Homes, Inc. v. County of Du Page*, 27 Ill.App.3d 685, involving the validity of a zoning ordinance. The question having been rendered moot by a condemnation of the involved property, this court refused to give an opinion on it, on the ground of mootness.

■■ The complaint in this case prayed for a temporary writ of injunction restraining the defendants from proceeding with certain highway construction. The trial court's order not having precluded the continuation of such construction pending appeal, and the work in question having now been completed, the question of an injunction to prevent such work is rendered moot.

Under these circumstances and pursuant to the aforesaid cases this appeal is dismissed.

Appeal dismissed.

T. MORAN and DIXON, JJ., concur.