(No. 18841.—

VERNA EDWARDS *et al.* Plaintiffs in Error, *vs.* EDITH LANE, Exrx., Defendant in Error.

*Opinion filed October 25, 1928.*

Costigan & Wollrab, for plaintiffs in error.

C. M. Peirce, for defendant in error.

Mr. Justice Farmer delivered the opinion of the court:

The probate court of McLean county entered an order for the removal of Edith Lane as executrix of the will of Mary M. Thrush, deceased, and for revocation of letters issued to her. At the same time the county court disapproved a report filed by the executrix and re-stated the account. The executrix appealed to the circuit court, and that court dismissed the petition for the removal of the executrix. In the appeal to the circuit court the executrix moved for a modification of the order of the probate court re-stating the account. The motion to modify was denied by the court. The legatees under the will of Mary M. Thrush appealed from the judgment and order of the circuit court dismissing the petition for removal. The executrix also appealed, and complained the circuit court erred in refusing to modify the order re-stating her account. The appeals were consolidated and heard together in the

Appellate Court. That court affirmed the order dismissing the petition for removal of the executrix and dismissed her appeal because an appeal from a part, only, of the judgment of the circuit court would not lie. This court granted a writ of error on the petition of the legatees under the will of Mary M. Thrush.

It is impossible to determine from the printed opinion of the Appellate Court what the facts involved were in the proceedings in the courts below. They cover a period of approximately four years and are somewhat complicated.

Mary M. Thrush was the mother of the executrix, Edith Lane. Mrs. Thrush died testate, and her daughter Edith was appointed executrix without bond on April 14, 1924. Mrs. Thrush's husband had predeceased her, and she left surviving her daughter, Edith, and two grand-daughters, children of a deceased daughter, viz., Verna Sackett (now Verna Edwards) and Imo Sackett, as her only heirs. The will directed the payment of the testatrix's debts and funeral and burial expenses. She directed that after the payment of debts and funeral expenses "the residue and remainder and unused portion of a certain real estate mortgage in the sum of $12,000," executed by Irvin and Nellie Sackett, the latter being the step-mother of Verna and Imo, be divided equally between Verna and Imo, share and share alike. The will directed that the remainder of the property owned by the testatrix go to Edith Lane, nominated executrix without bond. Edith Lane qualified as executrix and inventoried as property of the estate, household goods and personal effects, about $100, and debts owing the estate by Irvin Sackett in the form of two notes of $6075 each, with interest thereon. The will was executed June 4, 1923, and, as we have stated, letters testamentary were issued to Mrs. Lane April 14, 1924. December 18, 1924, the executrix wrote Sackett that he had not paid the interest on the two $6000 notes he owed the executrix's mother at her death; that it was the executrix's duty to collect the same; that

creditors were demanding their money and there was nothing in her hands to pay them with until she collected the interest from Sackett or sold the notes. She reminded Sackett that the will gave the notes to his daughters, Verna and Imo; that she was advised by her attorney it would be necessary to sell the notes to pay the debts, and that she would be compelled to petition the court for an order to sell them at a discount. By her letter she advised Sackett the best way would be for him to obtain a new loan and pay the notes she held as executrix and which were secured by a trust deed; that that would enable her to pay the debts and also pay Verna and Imo a substantial part of the proceeds of the notes, and, when the estate was finally closed, pay them whatever balance was due. Thereupon the attorney for the executrix and the attorney for plaintiffs in error conferred and reached a tentative agreement that plaintiffs in error would raise the amount necessary to pay any debts of the estate and wait until the expiration of one year from the granting of letters and then the money or property devised should be delivered to them. The attorney for Mrs. Lane testified the tentative arrangement had the approbation of Mrs. Lane but was never definitely concluded. Before the agreement could be executed Walter W. Lane, husband of the executrix, on March 12, 1925, filed a claim against Mrs. Thrush's estate for $10,000 for work, labor and services performed by him for Mrs. Thrush in her lifetime. Thereupon the attorney who had been representing the executrix withdrew and declined further to represent her. Lane was represented in filing the claim by an office associate of the attorney who represented the executrix after her former attorney withdrew. The filing of Lane's claim prevented the consummation of the agreement the parties had contemplated before the claim was filed. It will be observed the claim was filed only a short time before the year expired after letters testamentary were granted. Lane and the executrix were husband and

wife and were living together. No notice was given plaintiffs in error of the filing of the claim, but the executrix entered her appearance in writing and consented to the allowance of the claim. Afterwards, upon the application of plaintiffs in error, the probate court set aside the allowance of the claim, appointed an administrator pro tem, and the claim was tried by a jury in the probate court. The claim was disallowed and Lane appealed to the circuit court of McLean county, where the case was again tried before a jury and the claim again denied. No further appeal was prosecuted. Sallie Arrowsmith, a sister of the testatrix, then residing with the Lanes, also filed a claim for nursing and care of the testatrix for $540. An administrator pro tem was appointed by the probate court, but after the verdict in Lane's case the claim was dismissed for want of prosecution. Near this time Walter and Edith Lane visited other relatives, Mr. and Mrs. Whitesell. The Whitesells testified they talked about having no means to pay the bills of the estate and that they would have to dispose of the notes to pay them and some other bills that were coming in; that Mrs. Lane said they had to take care of the old folks and were entitled to pay for it; that Lane said the Sacketts never did anything, and "if we don't get our pay we will make them spend it; it will never do them any good; Sackett always knocked me and hissed me ever since I come into the family." Mrs. Whitesell testified Lane said he expected to get something out of it or stay with it until he did; that if he didn't get anything out of it he was going to see that they spent it. This testimony was not denied although Mrs. Lane testified as a witness. Plaintiffs in error brought a replevin suit for the recovery of the notes as their property under the gift made by the will. The replevin suit was not tried but was changed to a chancery proceeding. An agreement was made between the parties, and the two $6000 notes were impounded with the circuit clerk pending the ultimate disposition of the estate.

Mrs. Lane, the execututrix, petitioned the probate court for the appointment of herself as administratrix of the estate of her father, Benjamin J. Thrush. The petition for letters of administration by Mrs. Lane was filed June 13, 1925, three years after her father's death. It stated Thrush left personal property to the amount of $12,100. He left surviving him Mrs. Lane, his daughter, and Verna and Imo Sackett, grandchildren, as his heirs. Benjamin and Mary M. Thrush were husband and wife and in 1912 sold their farm for $24,000. They gave each of their daughters, Edith Lane and Susan Sackett, the latter the mother of plaintiffs in error, who was then living, $12,000. Susan and her husband executed a written instrument agreeing to pay Benjamin and Mary M. Thrush, as long as they lived, three per cent on the $12,000 and never defaulted in their payments. It was further provided by the agreement entered into between Benjamin and Mary M. Thrush and their two daughters, that if Susan should predecease her mother or father her children should get the benefit of the gift. Susan died in 1918. Afterwards her husband gave to Mrs. Thrush, after her husband's death, two notes for $6000, secured by a mortgage on his farm, to take the place of the former agreement. These two notes are the property given to plaintiffs in error by the will of Mrs. Thrush. They were inventoried by Mrs. Lane as the property of Mrs. Thrush's estate. By the petition for letters on the estate of Benjamin Thrush, Mrs. Lane represented the $12,000 was his property. The $12,000 was given to Mrs. Sackett, mother of plaintiffs in error, by Benjamin and Mary M. Thrush during the lifetime of Benjamin. Mrs. Lane, as administratrix of Benjamin Thrush's estate, brought suit on February 10, 1926, in the McLean county circuit court against Irvin Sackett, father of plaintiffs in error, for $26,000, alleging Sackett had executed notes in various amounts which were lost, and also for recovery of the two $6000 notes executed by him and given to Mrs.

Thrush, secured by a trust deed. The case was tried and the court instructed the jury to find for the defendant. No appeal was prosecuted from that decision. At the same February term, 1926, Mrs. Lane as executrix of the estate of Mrs. Thrush and as administratrix of the estate of Benjamin Thrush, also individually, and her husband, Walter W. Lane, sued plaintiffs in error on the replevin bond given in the suit brought by plaintiffs in error for the replevin of the notes, claiming damages to the amount of $6000. That suit also resulted in a finding and judgment for defendants and no appeal has been prosecuted. These suits, and the hearings thereon, extended over a period of more than two years.

In October, 1925, plaintiffs in error filed a petition in the probate court for an order on Mrs. Lane, executrix of the estate of Mrs. Thrush, to give bond, and for a further order that she be directed by the court to make a report of all sums due and owing by the estate, so that a payment of the claims could be made by the petitioners and the notes preserved and distributed in kind to them. The petition was amended, and as amended asked for the removal of the executrix for mismanagement, waste and failure to make a report. The executrix submitted her report in July, 1926, charging herself with $600 interest paid by Sackett to the National Bank of Normal, Illinois. She claimed credit for funeral, telegraph and telephone expenses, $424.07, which would leave a balance in her hands of $175.93. She further stated in her report that plaintiffs in error had filed a petition for her removal as executrix, which was then undetermined in the probate court. She further reported she had incurred $2500 liability for attorneys' fees in the replevin suit brought by plaintiffs in error to recover the two $6000 notes, and that her personal expenses, hotel bills, etc., had been $183.24. She reported that she had employed an attorney to file a bill to construe the will to determine whether the two $6000 notes belonged

to the estate of Benjamin or of Mary M. Thrush; that the fee had not been agreed upon and could not be until the case was determined. The petition for citation of the executrix was filed June 10, 1926. No bill had been filed to construe the will and no such bill was filed until July 17, 1926. She further stated in her report that she expected to sue Sackett; that she had been compelled to employ an attorney to defend her against the citation; that she had become liable for $2500 attorneys' fees in litigation with plaintiffs in error and that she would incur others not fixed or agreed upon, and that a disposition could not be made until the notes were due, which was December, 1930. No litigation seems to have been pending when the petition for citation was filed, June 10, 1926. The probate court entered an order at the August term, 1926, removing the executrix and appointing an administrator *de bonis non,* requiring a bond of $25,000. The probate court disapproved the report filed by the executrix, and in re-stating the account found that the two $6000 notes inventoried constituted the bulk of the estate; that plaintiffs in error requested in writing the privilege of advancing the necessary money required to pay debts and expenses of the estate in order that they might receive the notes without loss or discount. The order of the probate court recited plaintiffs in error had requested the court to require the executrix to give bond to protect said notes, whereupon an agreement was made by which the notes were placed in the hands of the circuit clerk of McLean county; that after the failure of her husband to secure the allowance of his $10,000 claim the executrix had herself appointed as administratrix of the estate of Benjamin Thrush and sued Sackett, claiming the $12,000 notes inventoried as assets of Mrs. Thrush's estate in fact belonged to Benjamin Thrush's estate; that after the issuing of the citation she filed a bill to construe the will to determine whether the $12,000 notes were given to plaintiffs in error or should go to the executrix under the

residuary clause of the will. The probate court found the alleged uncertainty of the will was chimerical and without the least foundation and was a subterfuge to delay the settling of the estate and dissipate its assets. It allowed the claim of the executrix for credits of $424.07 but disallowed her other claims referred to in her report. As stated, the executrix appealed from the probate to the circuit court. That court dismissed the petition for removal of the executrix. It allowed the cash balance of $175.93 shown by the executrix's report to be in her hands, as payment in full of her compensation as executrix in the settlement of the estate and in full of her expenses in the replevin suit and the suit on the replevin bond. It specifically found that the executrix was not entitled to any attorneys' fees in the replevin suit or in the suit on the bond or in the suit to construe the will of Mrs. Thrush. The executrix in the circuit court moved for a modification of the order made on her report, which order fixed her compensation at $175.93 and disallowed other expenses and charges claimed. She appealed to the Appellate Court from that part of the judgment of the circuit court fixing her compensation and disallowing her attorneys' fees, expenses and other claims.

We have not attempted to set out the facts in their chronological order. They cover approximately four years' time. It is surprising that the administration of a small estate should cause so much controversy, litigation, mismanagement and attempted waste. Substantially the whole assets of the estate were the two $6000 notes, which were inventoried as the assets of the estate and were given by the will to plaintiffs in error. There were substantially no debts of the estate except funeral expenses. The statute requires the executors and administrators to report to the court granting letters at the first term after the expiration of one year, and in like manner every twelve months thereafter if required by the court, until the duties of the executor or administrator are fully completed. Full power is

given the court by the statute to enforce these duties, and upon a failure of the administrator or executor to make settlement under the order of the court he may be dealt with as for contempt and be forthwith removed by the court. If the executor or administrator fails to file a complete and true account required by law the probate court shall state the account. The statute also provides for the removal by the probate court of an executor or administrator for waste or mismanagement. A fiduciary relationship exists between the executor of a will and the beneficiaries under the will and calls for the exercise of the utmost good faith in the dealings of the executor with the beneficiaries. (*Woods* v. *Roberts*, 185 Ill. 489; *Mettler* v. *Warner*, 249 id. 341.) Before an executor or administrator can be allowed credit for expenses of administration it must appear the expenditures were reasonably necessary for the benefit of the estate. An executor or administrator has no power, as such, to create a debt against the estate. (*In re Estate of Thurber*, 311 Ill. 211.) The probate court has ample authority to require an executor to disclose the condition of the estate and account therefor at any time. (*Reynolds* v. *People*, 55 Ill. 328.) The probate court may disapprove, set aside or modify the account of an executor or administrator. (*Whittemore* v. *Coleman*, 239 Ill. 450.) Compensation to an executor or administrator can only be allowed for services rendered and not for a neglect of duty. When an administrator, in bad faith or by failure to exercise reasonable diligence, diminishes the funds in his hands for distribution he should be required to give a just and true account by the court in the exercise of its equitable jurisdiction. (*Marshall* v. *Coleman*, 187 Ill. 556.) The latter case holds it is proper to tax costs of a proceeding against the administrator personally, if such costs are incurred as a result of the administrator's own misconduct. When litigation is carried on for the benefit of the administrator or executor personally, and not for the benefit of

the estate, the costs should be paid by the administrator personally. *Felsenthal* v. *Kline,* 214 Ill. 121.

Counsel disagree as to many of the facts, and counsel for defendant in error, in attempting in his brief to inject into the case facts not appearing in the record as abstracted, has caused much confusion. We have endeavored to give the principal facts as they appear from the record as shown by the abstract. The beginning of the litigation over the estate was caused by Walter Lane, husband of the executrix, filing, just before the year of administration expired, his claim for $10,000 against the estate of Mrs. Thrush. Before that claim was filed, plaintiffs in error and the executrix and their attorneys had practically reached an agreement by which plaintiffs in error were to advance any money necessary to settle the estate, so that its assets could be distributed to the legatees. There were no claims against the estate except for the last illness of the testatrix and her funeral expenses, the costs of administration, and whatever compensation the executrix was entitled to. The assets of the estate consisted of $100 worth of furniture and two notes of $6000 each, secured by trust deed, executed by the father of plaintiffs in error. We are warranted in concluding from the action of two juries and two courts in denying Lane's claim that it was without merit, and a suspicion naturally arises, and is by no means without foundation, that it was an attempt by him to secure the assets of the estate and defeat the will of the testatrix. The same may also be said of the claim of Mrs. Arrowsmith, sister of the testatrix, who at the time it was filed was living at the home of the Lanes.

There is some dispute between counsel as to whether the executrix consented to the allowance of her husband's claim. Grace Peck testified she was custodian of the claims and files in the probate court and took the testimony in the matter of the claim of Walter Lane against the estate of Mary M. Thrush. She testified she saw in the files a writ-

ten consent to the allowance of the claim of Lane, signed with the name of Edith Lane, executrix. She saw it in the files but was unable to find it at the time she testified. Plaintiffs in error, believing the executrix and Lane were trying to secure for themselves the assets given plaintiffs in error by the will or to dissipate and waste them, brought an action of replevin claiming the notes under the original gift made by their grandmother and grandfather to their mother when the farm was sold. The action of replevin was never tried but was converted into a chancery suit. While the chancery suit was pending the parties reached an agreement by which the two $6000 notes were impounded with the clerk of the circuit court to abide the disposition of the controversy between the parties, and the suit was dismissed. Mrs. Lane then filed her petition in the circuit court to have herself appointed as administratrix of the estate of her father, Benjamin Thrush, who had died three years before the petition was filed and had predeceased his wife, Mary M. Thrush. In the petition for letters Mrs. Lane averred that Benjamin Thrush left $12,000, which is the same money represented by the two $6000 notes bequeathed by Mrs. Thrush to plaintiffs in error, and Mrs. Lane had inventoried them as assets of her mother's estate more than a year before she asked for letters of administration on her father's estate. If she could sustain her claim that the $12,000 were assets of her father's estate and did not belong to her mother, her mother's will bequeathing the notes to plaintiffs in error would be of no effect. In her capacity as administratrix of her father's estate, as executrix of her mother's estate and as an individual Mrs. Lane sued the father of plaintiffs in error for $26,000, which included the two $6000 notes which she claimed he owed Benjamin Thrush. A jury found the issues for defendant, judgment was rendered on the verdict, and no appeal or writ of error was prosecuted. Mrs. Lane, executrix of the estate of Mrs. Thrush, sued the sureties on the

replevin bond in the circuit court at the February, 1926, term. She joined her husband in that suit as plaintiff and claimed damages amounting to $6000. The case was tried, there was a verdict and judgment for defendants, and no appeal was prosecuted or writ of error sued out. The litigation referred to had covered a period of more than two years, during which time no report had been made by the executrix. Plaintiffs in error then filed their petition for a citation for the executrix to make a report. The petition set up in considerable detail the controversy between plaintiffs in error and the executrix and the litigation resulting. The petition was filed June 10, 1926, and there was at that time no litigation pending. All suits had been terminated before that time. The petition for citation was amended, and prayed that the letters to the executrix be revoked because of waste, mismanagement and failure to report. The executrix answered the petition at the July term, 1926, of the probate court, and denied she had been guilty of waste or mismanagement or had involved the estate in unnecessary litigation, and set up she had filed a bill, which she said was then pending, to construe the will of the testatrix because the question had arisen as to whether any of the money due from Sackett to the estate of Mrs. Thrush was due the latter's estate or was assets of Benjamin Thrush's estate. The bill to construe the will was filed July 17, 1926. The will devised to plaintiffs in error "the residue and remainder and unused portion of a certain real estate mortgage in the sum of twelve thousand dollars ($12,000), dated December 9, 1920, due December 9, 1930, bearing five per cent interest per annum, executed by Irvin Sackett and Nellie Sackett, and recorded December 10, 1920, in book 271 of mortgages, page 21, McLean county, Illinois, records." The alleged basis for the construction is the uncertainty whether the will of Mrs. Thrush devised the notes secured by the mortgage to plaintiffs in error or devised only the mortgage. · The bill for the construction of the will also

seeks to re-litigate the question as to whether the two $6000 notes were assets of Mrs. Thrush's estate or belonged to Benjamin Thrush's estate. The briefs say the bill to construe the will has been heard by the circuit court of McLean county and dismissed, from which decree the executrix prosecuted an appeal to the Appellate Court, which is now pending.

It is perfectly clear that there has been a considerable amount of useless litigation in this estate. Most of it was instituted by the executrix and the result was determined against her, which we must accept as conclusive that there was no merit in the litigation. The conclusion is warranted that she and her husband were simply carrying out their threat that if they could not get the estate they would make plaintiffs in error spend it, so it would not do them any good. In our opinion the probate court was amply warranted in revoking Mrs. Lane's letters and removing her from the office of executrix. While it is not distinctly shown that the executrix was not the owner of much property, the inference is warranted that she was not a woman of much means. She was under no bond as executrix of the estate of Mrs. Thrush. The mere recital of her conduct as executrix shows she disregarded her duty as such and her relationship and duty toward plaintiffs in error. The conclusion cannot be escaped that almost from the time of her appointment as executrix she and her husband sought to secure for themselves the patrimony bequeathed to plaintiffs in error or make them spend the amount bequeathed them in trying to prevent that being done. The circuit court found there had been no such waste or mismanagement of the estate as authorized the removal of the executrix, and that finding seems inconsistent with the other findings of the court on the objections to the report made by the executrix. The court finds the executrix offered no evidence as to what would be a reasonable compensation for her services; that her conduct had been so inconsistent with

her duty as executrix that the court would not be warranted in allowing her more than the cash balance in her hands of $175.93 in full of her compensation as executrix in the settlement of the estate. The court found "there was no reason whatever for the filing of the bill to construe the will of Mary M. Thrush." The court further found that the executrix was entitled to an allowance for a reasonable attorney's fee for defending against the petition for her removal; that she should be allowed for services reasonable and necessary other than before mentioned and should be allowed reasonable and necessary expenses incident to the proceeding, "but that such allowances should be made by the probate court." The order of the circuit court concluded: "The objections to the report of the executrix be and the same are overruled, and the said report as to receipts and disbursements is approved, and the cash balance of $175.93 in the hands of the executrix is allowed to her in full of her compensation as executrix in the settlement of the estate and in full of her expenses, if any, in the replevin suit and in the suit on the replevin bond. It is ordered that the executrix is not entitled to any allowance for attorney's fees in the replevin suit, changed to a proceeding in equity, or in the suit on the replevin bond, or in the suit to construe the will of Mary M. Thrush."

It is difficult to understand why, if the executrix's conduct as such had been so inconsistent with her duty as not to entitle her to any compensation except $175.93 balance in her hand, she should not have been removed. We have no doubt of the correctness of the order of the probate court in revoking her letters and removing her. The Appellate Court affirmed the order of the circuit court dismissing the petition for removal, and dismissed the appeal of the executrix from the judgment of the probate court on the ground that an appeal cannot be taken from part, only, of a judgment unless the statute permits it, and also on the ground that the denial of the motion to modify the probate

court's order in stating the account of the executrix "does not contain the essential elements of a final judgment or order from which an appeal may be prosecuted." The judgment presents the anomalous situation of an executrix whose conduct as such had been so inconsistent with her duty that she was not entitled to more than $175.93 as full compensation as executrix in the settlement of the estate, was not entitled to any expenses or attorneys' fees in any of the litigation over the estate, but was not guilty of such mismanagement as would justify her removal, and the order removing her was set aside by the circuit court and she continued in her office as executrix. The dismissal of her appeal by the Appellate Court leaves in force the order of the circuit court approving the order of the probate court, which order, in addition to removing the executrix, found her guilty of such waste and mismanagement that she was not entitled to charge the estate with any of the expenses she had incurred except $175.93, and the household goods of Mrs. Thrush's estate. The probate court appointed an administrator *de bonis non* with the will annexed and required him to give bond in the sum of $25,000.

In brief, the status of the executrix under the judgment of the circuit court is that she still continues as executrix of the estate but by the approval of the probate court's order stating her account she is denied any compensation as executrix except the $175.93 balance in her hands, and by the order of said court she is entitled to no expenses or attorneys' fees in any of the litigation but is entitled to a reasonable attorney's fee for defending against the petition for her removal and any other services reasonably necessary in behalf of the estate other than such services as she was denied compensation for. The expenses and attorneys' fees, except in the replevin suit, were in suits begun and unsuccessfully prosecuted by the executrix. Her conduct as executrix cannot be reconciled with her duty under the law. The circuit court found her "conduct has been so incon-

sistent with her duty as executrix that the court would not be warranted in allowing her more than the cash balance in her hands, $175.93, in full for her compensation as executrix in the settlement of the estate," and we think that finding was clearly warranted.

The Appellate Court did not pass upon the judgment of the circuit court approving in all material respects the order of the probate court disapproving the report of the executrix and stating the account but dismissed the appeal of the executrix which sought to raise the correctness of that part of the judgment. Both the probate and the circuit courts found there was no reason for filing the bill to construe the will and held the executrix was not entitled to attorneys' fees for filing said bill. We are not to be understood as intending to hold that those courts were wrong in saying there was no reasonable basis for filing the bill, but as that suit is still pending the probate court and circuit court had no jurisdiction to determine the question. That can only be determined properly when the litigation is finally ended.

The judgment of the Appellate Court affirming the judgment of the circuit court dismissing the petition for the removal of the executrix is reversed and the judgment of the circuit court in that respect is also reversed. In all other respects the judgment of the circuit court is affirmed except in so far as it holds the executrix is not entitled to attorneys' fees in the bill filed to construe the will. The judgment in that respect is modified, as that question should be reserved for determination when the litigation is terminated. The cause will be remanded to the circuit court, with directions to enter a judgment of removal of the executrix and modify its judgment and order on the account filed by the executrix as herein indicated.

*Reversed and remanded, with directions.*