In re ESTATE OF OSCAR J. BREAULT, Deceased.—(HIRSCH E. SOBLE, Petitioner-Appellant, *v.* HAROLD L. FEIGENHOLTZ, Ex'r and Trustee under the Will of Oscar J. Breault, Deceased, and Trustee under the Will of Kathryn M. Breault, Deceased, *et al.*, Respondents-Appellees.)

(No. 61451;

First District (3rd Division)—November 6, 1975.

Hirsch E. Soble, *pro se.*

Ira D. Schultz and Sidney Z. Karasik, both of Chicago, for appellees.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

Petitioner Hirsch E. Soble was the attorney for the estate of Oscar Breault until 1971, when Soble retired from the active practice of law. The estate of Oscar Breault has been involved in many legal disputes in both the Illinois and Federal courts, and petitioner expended much time and energy in defending the will of Oscar Breault from attack. Soble has been paid $117,070 for his legal services through 1966. This case is concerned with Soble's petition to the Probate Division of the circuit court of Cook County for payment of $35,080 for his legal services from 1967 through 1971. The trial court denied the petition and this appeal follows.

We affirm in part, reverse in part and remand with directions.

Oscar Breault died testate in 1959 and the legal battles have been raging ever since. (*In re Estate of Breault* (1963), 29 Ill.2d 165; *Breault v. Feigenholtz* (N.D. Ill. 1965), 250 F.Supp. 551, *aff'd* (7th Cir. 1966), 358 F.2d 39, *cert. denied* (1966), 385 U.S. 824, 17 L.Ed.2d 61, 87 S.Ct. 52; *In re Estate of Breault* (1965), 63 Ill.App.2d 246; *Breault v. Feigenholtz* (7th Cir. 1967), 380 F.2d 90, *cert. denied,* 389 U.S. 1014, 19 L.Ed.2d 660, 88 S.Ct. 591; *People ex rel. Dahm v. Corcoran* (1968), 39 Ill.2d 233; *In re Estate of Breault* (1969), 113 Ill.App.2d 356, leave to appeal denied; *Breault v. Feigenholtz* (1970), 128 Ill.App.2d 1, *rev'd* (1973), 54 Ill.2d 185; *In re Estate of Breault* (1971), 1 Ill.App.3d 899 (abstract opinion),

*leave to appeal denied; Breault v. Feigenholtz* (1973), 54 Ill.2d 173.) Soble, as attorney for Feigenholtz, the executor of Breault's estate, has already received compensation for his legal services rendered through 1966. Fees of $45,000 were awarded for work to February, 1964, and affirmed by this court. (*In re Estate of Breault* (1965), 63 Ill.App.2d 246.) Supplemental fees of $22,630 for the same period were subsequently awarded. Fees of $49,400 for work performed from February, 1964, to January, 1967, were awarded by the circuit court and affirmed by this court. (*In re Estate of Breault* (1971), 1 Ill.App.3d 899, *leave to appeal denied.*) Herein, petitioner is requesting $35,080 for services he performed between January, 1967, and March, 1972. The legal services performed relate to four cases.

The first case is *Breault v. Feigenholtz* (7th Cir. 1967), 380 F.2d 90, *cert. denied,* 389 U.S. 1014, 19 L.Ed.2d 660, 88 S.Ct. 591, wherein petitioner represented Oscar's estate in a will contest. As a result of Soble's timely objection on the grounds of lack of Federal jurisdiction, the suit was ultimately dismissed. The evidence shows that Soble rendered 234 hours of work in the matter.

The second case is *In re Estate of Breault* (1969), 113 Ill.App.2d 356, *leave to appeal denied,* wherein a petition to contest the validity of Oscar's will was dismissed as a result of Soble's timely action on behalf of the estate. The executor of the estate was then ordered by the circuit court to defend against the ensuing appeal. The evidence shows that Soble rendered 348.75 hours of work in the matter.

The third case involved a petition to remove Feigenholtz as the executor of Oscar's estate. Soble represented Feigenholtz and the petition was dismissed. The evidence shows that Soble rendered 76.5 hours of work in the matter.

The fourth and final case is *In re Estate of Breault* (1971), 1 Ill.App. 3d 899, leave to appeal denied. The case involved Soble's petition for the payment of legal fees, as discussed above. The evidence shows that Soble rendered 217.75 hours of work in the matter.

Soble's petition in the instant case alleges that he provided 877 hours of legal services worth $35,080 which constituted an expense of administration of Oscar's estate and was "directly related to, and reasonable and necessarily incurred in the performance of the executor's statutory duty."

As discussed in the prior *Breault* cases, expenses of Oscar's estate are to be paid from the estate of his mother, Kathryn Breault. (*In re Estate of Breault* (1965), 63 Ill.App.2d 246.) Accordingly, the executors of both Oscar's and Kathryn's estates were served with notice of Soble's petition for legal fees, and appeared to contest the petition.

After hearing the evidence and arguments of counsel, the trial court

denied Soble's petition for fees for two reasons. The first reason was that since Soble had already received $117,070, "any fees, additional fees, will not only be excessive but I think unconscionable." The second reason was that there would be claims from other counsel and the court was concerned with depletion of the estate. On appeal, petitioner argues that there was no competent evidence to support the court's conclusion that the estate would be depleted, so that the trial court erred in denial of the petition.

■■ Our first consideration is whether under the law petitioner is entitled to compensation for the legal services he rendered in the *Breault* cases between 1967 and 1972. The applicable law was stated in the initial case dealing with Mr. Soble's claims for fees, *In re Estate of Breault* (1965), 63 Ill.App.2d 246, 254:

> "It is well established that the probate court had the right to allow an executor credit in his account for reasonable attorney's fees for aid in enabling such officer properly and efficiently to perform the duties of his office. In re Gilbert's Estate, 319 Ill.App. 15, 19, 48 N.E.2d 567, 569 (1943). Moreover, this right of the executor to procure legal services and grant compensation for such is expressly recognized in Illinois by Statute. Ill Rev Stats 1963, c.3, § 337. The attorney's fees should be allowed commensurate with actual services rendered necessary to the orderly and prompt closing of the estate and protection of its assets. In re William's Estate, 324 Ill.App. 584, 59 N.E.2d 333 (1945). However, where the services are not in the interest of the estate but rather in the interest of the executor, counsel's fees will be rejected. (James, Ill. Probate Law and Practice, Vol. 5, pp. 510, 511)."

The material issue herein, as well as in the 1965 case, is whether or not the services rendered were in the interest of the estate.

■■ The first case for which petitioner claims compensation is the will contest in Federal court. This claim has merit because the work performed was in the interest of protecting the estate from attack and there is no evidence of bad faith. The same can be said of the second case, and especially so, because the executor of Oscar's estate was expressly ordered by the circuit court to defend the appeal. *In re Estate of Breault* (1965), 63 Ill.App.2d 246.

■■ The third case, which involved a petition to remove Feigenholtz as executor of Oscar's estate, was defended in the interest of the executor alone. As was stated in *Edwards v. Lane* (1928), 331 Ill. 442, 451-52:

> "When litigation is carried on for the benefit of the administrator or executor personally, and not for the benefit of the estate, the costs should be paid by the administrator personally."

We wish to note that the case at bar presents a different situation than was presented in the 1965 case (63 Ill.App.2d 246) where Feigenholtz was sued both individually and in his official capacities as executor and trustee of both the estates of Kathryn and Oscar. In that case this court wrote that "we do not consider such additional inclusion to constitute his appearance in the cause as being solely in his individual behalf." (63 Ill.App.2d 246, 255.) Petitioner's current claim for the third case was properly denied because the legal services he provided were only in the interest of the executor and not in the interest of the estate.

■■ The fourth case, abstracted at 1 Ill.App.3d 899, involved a petition by Soble for his interim fees. The Minnesota Supreme Court case of *In re Estate of Bush* (Minn. 1975), 230 N.W.2d 33, dealt with the similar problem of whether attorneys for the executors of an estate involved in prolonged litigation could recover from the estate their expenses in documenting and discussing their claim for fees. The court wrote:

> "It is difficult to envision any direct benefit to the estate from the services at issue. Rather, it would seem that such efforts more directly benefited the executors and counsel as individuals.
>
> * * *
>
> "[Counsel] asserts that the time spent was necessitated by the extreme difficulty encountered in its efforts to secure prior partial payment from the estate due to the unreasonable degree of opposition of appellants. However, this does not *per se* indebt the estate." (230 N.W.2d 33, 44.)

We feel that the expense of prosecuting a claim against an estate for legal fees cannot be considered to be in the interest of the estate. Such services are in only the interest of the attorney, and as in the cases dealing with legal services in only the interest of the executor, cannot be charged as an expense of administering the estate. We hold, therefore, that Mr. Soble's request for fees for work performed as a result of seeking his prior fees was not in the interest of the estate and was properly denied by the trial court.

In summary to this point, we affirm the trial court's denial of appellant's petition for legal fees related to cases three and four, which were not in the interest or benefit of the estate. The trial court denied recovery of fees for services arising from cases one and two, and we must consider whether error was committed.

As we mentioned earlier, the trial court denied Mr. Soble's petition for fees because petitioner had already received a substantial amount of money for work rendered to the estate so that any additional fees would be excessive and unconscionable. Although not given thorough consideration by the parties, we feel that the facts in the record raise the obvious

issue of whether the trial court properly considered the prior awards of legal fees to petitioner in denying the fees requested in the instant petition. At trial, Mr. Soble objected to references to his prior fees on the grounds of materiality, but the objection went unheeded. The issue was discussed at oral arguments before this court, but no cases were cited to us. Our research disclosed no Illinois cases dealing with interim fees for the executor's lawyer except for the prior *Breault* cases which held that Mr. Soble's interim fees were allowable and properly granted by the trial court. However, further research disclosed that the exact question before us was decided by the Appellate Court of Indiana in the case of *In re Estate of Meyer* (1966), 138 Ind. App. 649, 215 N.E.2d 556. In that case, the attorney for the executor petitioned the trial court for fees amounting to between $13,000 and $15,500 for services rendered to the estate between July 2, 1956, and November 27, 1961. The attorney had already received over $10,950 in fees for services rendered prior to July 2, 1956. The trial court found that the services rendered by the attorney were in "addition to those services for which he has already been paid" and ordered that the attorney be paid only $5,000. On appeal, the Indiana Appellate Court stated:

"When the court allowed appellant $10,950.00 for his services in said estate to and including July 2, 1956, this disposed of any claim for attorney fees by appellant up to said date, and hence the claim for additional services presented by appellant thereafter should be determined solely without reference to services and payment therefor performed prior to said date of July 2, 1956. Further we are of the opinion that whatever payments were made for administrator's fees, expenses necessitated for any appeal and attorney fees for services prior to July 2, 1956, would be divorced from consideration in the computation of legal services for appellant subsequent to July 2, 1956." (138 Ind. App. 649, 665, 215 N.E.2d 556, 566.)

The judgment of the trial court was reversed and the cause was remanded for a new trial.

■■ In the case at bar, appellant has already received a sum of money as compensation for his services rendered on behalf of the estate of Oscar Breault through January, 1967. We believe, as did the court in *Meyer,* that evidence of petitioner's prior fees was irrelevant to his current claim for fees for services rendered from January, 1967, through March, 1972. In the absence of bad faith, an attorney for an executor has the right to receive reasonable compensation for the services he has performed which are in the interest of the estate represented. (Ill. Rev. Stat. 1973, ch. 3, par. 337.) Soble had a right to present his petition for

fees to the trial court for consideration on the merits. Since the trial court based its decision in great reliance upon the irrelevant evidence of Soble's prior fees, and not upon the merits of whether petitioner earned the fees he claimed, we must reverse the judgment of the circuit court as to the fees claimed for cases one and two, and remand the matter to the circuit court.

The trial court on remand will be given the opportunity to determine the reasonable value of the services petitioner rendered which were in the interest and benefit of the estate in question. However, if it appears to the court that full payment of the amount awarded would deplete the estate so that other claims of the same class could not be paid in full, then the payment of petitioner's award must be withheld until such time when the value of the estate and the claims of the same class are determined or determinable to a certainty to provide for a pro rata payment. (Ill. Rev. Stat. 1973, ch. 3, pars. 202 and 205.) If the estate will be insufficient to fully pay all the claims of such class, it would be improper to allow petitioner to recover the full amount awarded and to later reduce pro rata other claims of the same class.

For the abovementioned reasons, the judgment of the circuit court of Cook County is affirmed in part, reversed in part, and remanded with directions.

Judgment affirmed in part; reversed in part; cause remanded with directions.

McNAMARA and MEJDA, JJ., concur.