(No. 48199.—

*In re* ESTATE OF OSCAR J. BREAULT, Deceased.— (Hirsch E. Soble, Appellee, v. Harold L. Feigenholtz *et al.,* Trustees, Appellants.)

*Opinion filed October 1, 1976.*

RYAN, J., took no part.

Ira D. Schultz, of Chicago (Sidney Z. Karasik, of counsel), for appellants.

Hirsch E. Soble, *pro se.*

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

This appeal involves a petition filed by Hirsch E. Soble, an attorney, in the probate division of the circuit court of Cook County for $35,080 in fees for legal services rendered from 1967 through 1971 as the attorney for the executor of the estate of the late Oscar J. Breault. The circuit court denied the petition, and on appeal its order was reversed in part by the appellate court (34 Ill. App. 3d 56). We allowed the petition for leave to appeal of Harold L. Feigenholtz and Richard Dahm, trustees of the estate of Kathryn M. Breault, the deceased mother of Oscar Breault, from which the expenses of the administration of her son's estate are paid. See *In re Estate of Breault,* 63 Ill. App. 2d 246.

The will and estate of Oscar J. Breault unhappily have been attended by litigation that has been voluminous and caustic. This court's opinion in *Breault v. Feigenholtz,* 54 Ill. 2d 173, sets out 11 appellate citations to litigation involving the estate.

The will of Oscar's mother, Kathryn, who died in 1952, left the bulk of her estate to Harold Feigenholtz and Richard Dahm, as trustees, for the benefit of Oscar, during his lifetime. The will conferred on Oscar a general testamentary power of appointment as to the assets of the trust. In the first suit concerning Oscar's estate it was determined that the provision of his will which exercised this power of appointment did not pass the trust as part of his own estate. (*In re Estate of Breault,* 29 Ill. 2d 165.) It was later determined that Oscar's estate was insolvent and that the cost of legal services rendered in connection with Oscar's estate should be paid out of the trust assets, since those services would directly benefit the trust by sustaining the exercise of the testamentary power of appointment. *In re Estate of Breault,* 63 Ill. App. 2d 246.

The petitioner Soble was engaged in 1961 as the attorney for Harold L. Feigenholtz, who is the executor of Oscar J. Breault's estate, as well as a trustee of Kathryn

Breault's estate. The petitioner served in this capacity until 1971 when he retired from active practice. He has previously received a total of $117,070 for legal services rendered the estate through January 1967. (See *In re Estate of Breault*, 63 Ill. App. 2d 246 (fees for services through 1964); *In re Estate of Breault*, 1 Ill. App. 3d 899 (fees for services from February 1964 through January 1967).) The fees petitioner is now claiming relate to his legal service in four law suits. In two of these suits will contests were involved. In another the petitioner defended against an attempt to remove Feigenholtz as the executor of Oscar's estate. The fourth suit involved the petitioner's request for interim fees and his defense in the appellate court of the allowance of these fees.

The petitioner testified in support of his petition and was cross-examined by the attorney for the trustees of the estate of Kathryn Breault and by one of the attorneys who had contested the will of Oscar Breault. The trial court denied the petition. It appears that factors considered by the court in its denial were the value of the estate of Kathryn Breault; the circumstance that the petitioner retired from practice and withdrew from one of the will contest suits, requiring another to substitute as counsel and to complete the work of representing the estate in the case; the prior allowance of fees to the petitioner, and the fact that substantial fees were being requested by various other attorneys. Although the court's comments at the time it denied the petition were not entirely unambiguous it appears that an important factor in the court's decision was the prior allowance of fees in the amount of $117,070. The court remarked: "[A]ny fees, additional fees, will not only be excessive but I think unconscionable. I will have to deny your petition for any additional fees, counsel."

The appellate court affirmed the trial court's holding in part and reversed it in part. The court considered that the trial court had based its denial of the petition principally upon the circumstance that prior fees had been

awarded the petitioner and did not judge whether there should be compensation allowed for the later services of the petitioner. The appellate court deemed that of the four suits for which Soble was claiming fees his legal services had been in the interest of the estate only in the suits involving the will contest. The court judged that his services in the other two were not in the interest of the estate and it remanded to the trial court with directions to determine the reasonable value of the services which had been in the interest of the estate. In remanding, the court, citing sections 202 and 205 of the Probate Act (Ill. Rev. Stat. 1975, ch. 3, pars. 202 and 205), noted that the estate might not be sufficient to pay fully all of the claims of the class and it might be necessary for the trial court to provide for payments on a pro rata basis.

The trial court was not obliged to allow the petition of Soble for fees. At the time of the hearing the only petition for legal fees before the court was that of the petitioner, who had retired from practice and who no longer represented the executor. It appears that there were claims for fees by five other attorneys in very substantial amounts, which had not yet been heard and, in addition, claims for executor's and trustee's fees. A number of the attorneys were in court at the time of the petitioner's hearing and the court admonished that they had better be prepared "to take a substantial reduction in any fees you have in mind" because of the value of the estate. It would have been reasonable under the circumstances for the trial court not to have allowed Soble's petition and to have proposed to enter but one order on all attorney's fees, after reducing the fees to be allowed where necessary. However, as we have noted, the trial court's comments were not entirely unambiguous, and to the extent that its denial was grounded sheerly on the circumstances that there had been a prior allowance of fees there was error in denying the petition. If there were later legal services by the petitioner properly chargeable to the estate he was

entitled to have them considered by the court for the allowance of fees. (*In re Meyer* (1966), 138 Ind. App. 649.) Section 337 of the Probate Act provides: "The attorney for an executor, administrator, administrator to collect, guardian, or conservator shall be allowed reasonable compensation for his services." (Ill. Rev. Stat. 1975, ch. 3, par. 337.) Of course, the amount of the fee depends on the circumstances involved and is within the court's sound discretion. (*Golstein v. Handley*, 390 Ill. 118, 125.) On remandment the trial court will consider the value of the estate (see *In re Estate of Hoyman*, 27 Ill. App. 2d 438; *Logan v. Harris Trust & Savings Bank*, 8 Ill. App. 2d 61; Annot., 57 A.L.R.3d 475, 506 (1974)), the pendency of other claims for fees and any other relevant circumstance.

We affirm the appellate court's judgment that the trial court erred in denying the petition simply because there had been an earlier allowance of fees for other legal services rendered by the petitioner. We do not consider it necessary or appropriate to consider whether the appellate court was correct in deciding what particular services of the petitioner might properly be compensable. The circumstances involved may be relevant and the trial court will be better able to ascertain these circumstances and judge their effect on compensability. See *Edwards v. Lane*, 331 Ill. 442, 451; 5 James, Illinois Probate Law and Practice 510-11 (1951).

For the reasons given, the judgment of the appellate court is affirmed in part and reversed in part, and the cause is remanded to the circuit court of Cook County for further proceedings not inconsistent with this opinion.

*Affirmed in part*
*and reversed in part*
*and remanded.*

MR. JUSTICE RYAN took no part in the consideration or decision of this case.