In re ESTATE OF CHARLES L. MINSKY, Deceased.—(STANLEY W. MINSKY, Ex'r of the Estate of Charles L. Minsky, et al., Appellants, v. MARGARET MINSKY, Adm'r of the Estate of Charles L. Minsky, Appellee.)

First District (2nd Division)   No. 76-972

Opinion filed April 25, 1978.

Oliver H. Harris, of Evanston, for appellants.

Richard Altieri and Joseph Scoville, both of Chicago, for appellee.

Mr. JUSTICE BROWN delivered the opinion of the court:

Stanley W. Minsky, as executor of the estate of Charles L. Minsky, and Jack R. Davis, attorney for the executor, appeal from an order of the circuit court of Cook County which sustained objections to the executor's first and final report and account, inventory, amended first and final report and account and which denied the executor's petition for executor's fees and attorney's fees. They also appeal from the denial of the executor's motion to vacate the said order.

Following the death of Charles Minsky on December 31, 1974, his widow Margaret opened an estate and was appointed administrator of the estate on January 10, 1975. His sole heirs were Margaret, his daughter Christine, and his daughter Karen Rosenthal.

On January 29, 1975, Stanley Minsky filed a document purporting to be the last will and testament of Charles Minsky and subsequently filed a petition for probate of the will and for letters testamentary. The will provided that Stanley Minsky, Charles' brother, and Betty Pryble, Charles' sister, receive all of his estate. On March 7, 1975, the will was admitted to probate and Stanley Minsky was appointed executor of the estate. Letters of administration issued to Margaret Minsky were subsequently dismissed.

On April 2, 1975, Margaret Minsky and her two daughters filed a petition to vacate the order admitting the will of Charles Minsky to probate and on May 21, 1975, following a contested hearing, an associate judge vacated the order admitting the will, cancelled the letters of Stanley Minsky, appointed Margaret Minsky administrator of the estate, and ordered Stanley Minsky to file a final account. An appeal followed. This court held that the finding that the will had been revoked by the testator was not contrary to the manifest weight of the evidence but because a question existed as to whether Stanley Minsky had an adequate opportunity to present witnesses, justice required that the judgment declaring the will revoked be vacated and that the cause be remanded to the trial court for further proceedings (*In re Estate of Minsky* (1st Dist. 1977), 46 Ill. App. 3d 394, 360 N.E.2d 1317, *appeal denied* (1977), 66 Ill. 2d 626).

Stanley Minsky filed his first and final report and account on July 14, 1975. This final account listed certain expenses incurred in resisting Margaret Minsky's motion to vacate the order admitting the will to probate and it also listed as disbursements an executor's fee of $1,500 to Stanley Minsky and an attorney's fee of $3,000 to attorney Jack Davis.

Margaret Minsky, as administrator, filed objections to this final account. Margaret Minsky also filed objections to Stanley Minsky's inventory and amended first and final report and account.

Extensive hearings were held on the objections and on June 11, 1976, an associate judge of the probate court entered an order which held that disbursements for court reporters' fees, expended in connection with the litigation over the validity of the will, were not proper disbursements. The order recited that Stanley Minsky had been guilty of bad faith, gross misconduct, carelessness and negligence in the exercise of his duties. The order also recited that the $1,500 executor's fee paid to Stanley Minsky and the $3,000 attorney's fee paid to Jack Davis were to be returned to the estate as not being authorized by any order of court. The order also denied the separate petition for executor's fees and attorney's fees filed by Stanley Minsky.

This appeal is from the order entered June 11, 1976, and the subsequent denial of the motion to vacate that order. The appellants contend: (1) that the trial judge had no authority to enter a final order denying the petition for fees; rather, that he only had authority to make a recommendation to the presiding judge of the probate division of the circuit court of Cook County regarding the petition for fees; (2) that the trial judge erred in refusing to award executors' fees; (3) that the trial judge erred in refusing to award attorney's fees; and (4) that the trial judge erred in finding that the disbursements for court reporters' fees were improper.

Appellants' first contention is without merit. On December 8, 1975, the presiding judge of the probate division of the circuit court of Cook County entered an order granting Stanley Minsky leave to file his inventory and amended first and final report and account, and referred the inventory and amended first and final report and account to an associate judge for hearing. The presiding judge further ordered that the petition for executor's fees and attorney's fees was referred to the associate judge for his recommendation to be made to the presiding judge for final court order.

■■ ■ Supreme Court Rule 21(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 21(b)), provides as follows: "The chief judge of each circuit may enter general orders in the exercise of his general administrative authority, including orders providing for assignment of judges, * * *." General Order 10 of the circuit court of Cook County, so far as pertinent, provides as follows:

"MATTERS ASSIGNABLE TO ASSOCIATE JUDGES
General Order No. 10 (revised)—Dated July 1, 1971.

The Presiding Judge of each Division or District of the Circuit Court of Cook County may assign to Associate Judges within his Division or District, severally or by designation of office, by class or category of case, or in specific instances, any matter * * *. (Amended and effective July 1, 1971, this order supercedes General

Order No. 10, pertaining to Magistrates, dated March 1, 1966, as revised.)"

Additionally, Supreme Court Rule 295 (Ill. Rev. Stat. 1975, ch. 110A, par. 295), so far as pertinent, provides as follows:

"The Chief Judge of each circuit or any circuit judge designated by him may assign an associate judge to hear and determine any matters * * *."

We hold that neither General Order 10 of the circuit court of Cook County nor Supreme Court Rule 295 precluded the associate judge in the instant case from entering the final order denying the petition for fees. Nor have appellants suggested any persuasive authority. We also conclude that appellants should have reported back to the presiding judge with the final order denying the petition for fees; their failure to do so can be considered to be a waiver of any objection they had to the trial judge's authority to enter a final order denying the petition for fees.

■■ Executors and attorneys representing executors shall be allowed reasonable compensation for their services. (Ill. Rev. Stat. 1975, ch. 3, pars. 336, 337.) The decision as to what constitutes reasonable compensation is a matter peculiarly within the discretion of the probate court, and in order to alter the amount of a fee allowance, a reviewing court is required to find that the trial court's determination is manifestly or palpably erroneous. (*In re Estate of Brown* (1st Dist. 1978), 58 Ill. App. 3d 697, 374 N.E.2d 699.) Implicit in the authority to fix fees is the power to disallow or disapprove them. (*In re Estate of Klappa* (1st Dist. 1958), 18 Ill. App. 2d 501, 506, 152 N.E.2d 754.) In the instant case, the evidence supports the trial judge's order as regards executor's fees and attorney's fees, and his determination was not manifestly or palpably erroneous.

The executor, Stanley Minsky, failed to file an inventory within 60 days after the issuance of his letters (Ill. Rev. Stat. 1975, ch. 3, par. 171). Upon Margaret Minsky's petition for citation (Ill. Rev. Stat. 1975, ch. 3, par. 184), Stanley Minsky was ordered to pay the sum of $2,018.50 to the estate, as rents due the decedent, despite his production of a document purporting to be a receipt from Charles Minsky for this amount, and Betty Pryble was ordered to pay the sum of $2,178.46 to the estate, as the balance due the decedent on the sale of his beneficial interest in a land trust. Both sums were paid to the administrator, Margaret Minsky. From the evidence adduced, the trial judge could conclude that Stanley Minsky knew that Betty Pryble was indebted to the decedent in the aforesaid amount; Stanley Minsky did not inventory this debt, nor did he attempt to collect or recover this money. As an attorney and officer of the court, Jack Davis was under an obligation to inform the court of any suspicion of fraud or wrongdoing on the part of the executor. See *In re Estate of*

*Gullett* (4th Dist. 1968), 92 Ill. App. 2d 405, 410, 234 N.E.2d 551; *In re Estate of Glenos* (1st Dist. 1964), 50 Ill. App. 2d 89, 94, 200 N.E.2d 65.

Stanley Minsky testified that Jack Davis told him to pay a $1,500 executor's fee to himself and a $3,000 attorney's fee to Davis and that he did not have a court order for any disbursements listed in the first and final report and account. The $1,500 executor's fee and the $3,000 attorney's fee were listed as disbursements in the first and final report and account, which listed total assets of less than $8,000. The record indicates that the executor withdrew the $4,500 total fees from the bank account on May 22, 1975, one day after the order of May 21, 1975, revoking the will and removing Stanley Minsky as executor, and the parties receipted therefore subsequently.

■■ An executor is a fiduciary and owes a duty of good faith toward the estate and those interested, and is not to be allowed compensation for neglect or dereliction of duty. (*Nonnast v. Northern Trust Co.* (1940), 374 Ill. 248, 270, 29 N.E.2d 251; *Edwards v. Lane* (1928), 331 Ill. 442, 451, 163 N.E. 460; *In re McCalmont* (2d Dist. 1958), 16 Ill. App. 2d 246, 260, 148 N.E.2d 23.) He is also directly accountable to the court. (*In re Estate of Lucas* (4th Dist. 1977), 48 Ill. App. 3d 1009, 1014, 363 N.E.2d 621.) Stanley Minsky's "* * * conduct in connection with the administration of this estate shows such a flagrant disregard of duty that to allow him compensation would be to disregard the plain rules of law and shock that sense of natural justice that dwells in the breast of every honest man." *Whittemore v. Coleman* (1909), 239 Ill. 450, 455, 88 N.E. 228.

■■■ The executor of an estate has a duty to defend a suit to contest the validity of the will. (Ill. Rev. Stat. 1975, ch. 3, par. 93.) The employment of counsel is considered indispensable to the reasonable discharge of that duty, and the court may authorize reasonable attorney's fees to be paid from the assets of the estate. (Ill. Rev. Stat. 1975, ch. 3, par. 337; *In re Estate of Lipchik* (1st Dist. 1975), 27 Ill. App. 3d 331, 336, 326 N.E.2d 464; *In re Estate of Scully* (4th Dist. 1967), 79 Ill. App. 2d 368, 371, 223 N.E.2d 735.) However, counsel fees should be rejected when the legal services rendered are not in the interest of or do not benefit the estate (See *In re Estate of Lipchik*, at 336; *In re Estate of Breault* (1st Dist. 1965), 63 Ill. App. 2d 246, 254, 211 N.E.2d 424; *In re Estate of Yoon* (1st Dist. 1959), 20 Ill. App. 2d 343, 351, 156 N.E.2d 217; *In re Estate of Baker* (1st Dist. 1942), 315 Ill. App. 366, 379, 43 N.E.2d 170) or when the executor involves the estate in unnecessary litigation or pursues an issue at great cost to the estate where he has reasonable grounds to believe that an order setting aside the will for undue influence would be proper (see *In re Estate of Lipchik*, at 336; *In re Estate of James* (3d Dist. 1956), 10 Ill. App. 2d 232, 242, 134 N.E.2d 638). After a review of the record, we find that the legal

services rendered by Jack Davis were not in the interest of the estate and did not benefit the estate. The trial judge did not err in denying attorney's fees.

■■ The appellants' final contention is that the trial judge erred in finding that the disbursements for court reporters' fees were improper. "Before an executor or administrator can be allowed credit for expenses of administration it must appear the expenditures were reasonably necessary for the benefit of the estate. \* \* \* When litigation is carried on for the benefit of the administrator or executor personally, and not for the benefit of the estate, the costs should be paid by the administrator personally." *Edwards v. Lane* (1928), 331 Ill. 442, 451-52, 163 N.E. 460. See also *In re Estate of Breault* (1st Dist. 1975), 34 Ill. App. 3d 56, 59-60, 339 N.E.2d 340, *modified* (1976), 64 Ill. 2d 344, 356 N.E.2d 6; *In re Estate of James* (3d Dist. 1956), 10 Ill. App. 2d 232, 242-43, 134 N.E.2d 638.

■■■ In the case at bar, Carter Reporting Service was paid $281.60 for reporting the depositions of Margaret Minsky, Christine Minsky, and Karen Rosenthal, taken May 7, 1975, and the depositions of the mother and sister-in-law of Margaret Minsky, taken May 14, 1975. On May 6, 1975, Jack Davis made a motion to continue the hearing on Margaret Minsky's petition to vacate the order admitting the will to probate. The motion stated as follows: "That depositions of the petitioners are now set for May 7, 1975, and it is necessary in the defense of this matter that discovery be conducted prior to a judicial determination of the issues presented in said petition." The trial judge granted the motion and continued the hearing to May 21, 1975. The executor and his attorney desired to examine the five deponents prior to the hearing on the petition to vacate, to find out what they knew about the revocation of the will. Discovery is available and should be utilized by a litigant in a will contest. (*In re Estate of Kvasauskas* (2d Dist. 1972), 5 Ill. App. 3d 202, 204, 282 N.E.2d 465.) Whether the discovery was carried on for the benefit of the estate should not depend on the outcome of the litigation, since the executor has a statutory duty to defend the will (Ill. Rev. Stat. 1975, ch. 3, par. 93), and in the absence of bad faith by the executor or his attorney in conducting discovery, court reporter fees incurred as a result of such reasonable discovery should be paid by the estate. (See *In re Estate of Lipchik* (1st Dist. 1975), 27 Ill. App. 3d 331, 336-37, 326 N.E.2d 464; *In re Estate of Breault* (1st Dist. 1965), 63 Ill. App. 2d 246, 256-58, 211 N.E.2d 424.) We find that the discovery in the instant case was carried on for the benefit of the estate. The trial judge erred in finding improper the disbursement to Carter Reporting Service for reporting the depositions.

Sullivan Reporting Company was paid $7.80 for reporting the proceeding of May 6, 1975, on the motion for a continuance. The trial judge granted the motion to allow sufficient time for discovery. It was

necessary to have a transcript of this proceeding since the motion for a continuance may have been denied. We find that this expense was for the benefit of the estate. The trial judge erred in finding improper this disbursement to Sullivan Reporting Company.

However, the trial judge did not err in finding improper the $154 disbursement to Sullivan Reporting Company for reporting the trial testimony of May 21, 1975, and the $25 disbursement to Carter Reporting Service for its court attendance on May 21, 1975. These services were not for the benefit of the estate, but rather for the personal benefit of Stanley Minsky, who was a beneficiary under the will. Stanley Minsky and Jack Davis would have known the will was revoked had they cared to evaluate the deposition testimony of the mother and sister-in-law of Margaret Minsky, witnesses to the revocation. (See *In re Estate of Minsky* (1st Dist. 1977), 46 Ill. App. 3d 394, 360 N.E.2d 1317, *appeal denied* (1977), 66 Ill. 2d 626.) Indeed, Stanley Minsky never produced contrary evidence. At the oral argument of this cause, appellee's counsel informed this court that on remand of Cause No. 62513 (*In re Estate of Minsky* (1st Dist. 1977), 46 Ill. App. 3d 394, 360 N.E.2d 1317, *appeal denied* (1977), 66 Ill. 2d 626), Stanley Minsky failed to produce any witnesses or further evidence regarding the revocation of the will, and appellants' counsel did not dispute his statement. The executor and his attorney involved the estate in unnecessary litigation by contesting the petition to vacate on May 21, 1975. We also note that even if the disbursement to Sullivan Reporting Company would have been proper, the disbursement to Carter Reporting Service was not proper since its appearance on May 21, 1975, was duplicitous.

The order of the circuit court of Cook County is affirmed in part and reversed in part; the cause is remanded for further proceedings not inconsistent with the holdings of this opinion.

Affirmed in part; reversed in part; cause remanded.

DOWNING and PERLIN, JJ., concur.