*In re* ESTATE OF EFFIE WEBER.—(FRANCIS X. RILEY, Petitioner-Appellant, *v.* FIRST NATIONAL BANK OF JOLIET, Ex'r of the Estate of Effie Weber, Respondent-Appellee.)

Third District No. 79-361

Opinion filed February 7, 1980.

Francis X. Riley, of Glen Ellyn, for appellant, *pro se.*

Craig M. Armstrong and William T. Surin, both of Ottawa, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

In 1978 Effie Weber was adjudged incompetent, and Ernest Hampshire was named conservator of her estate. Hampshire retained Joseph E. Boles as his attorney and served for about four months. Mrs. Weber died; a Joliet bank was named executor of the decedent's estate; and Hampshire filed a final report as conservator and turned the estate assets over to the bank. Subsequently a legatee filed objections to Hampshire's report, and after the objections were considered and denied by the trial court, the legatee appealed. The trial court granted leave for Francis X. Riley to be retained to represent the conservator and his attorney upon appeal. This court affirmed the trial court in part but reversed the allowances of fees for the conservator and his attorney and remanded for a redetermination of those fees based upon the reasonable value of the services rendered. (*In re Estate of Weber* (1978), 59 Ill. App. 3d 274, 375 N.E.2d 569.) Following remand, a hearing was held, and the trial court reduced the original fee allowances. Today we affirmed that order in the companion case of *In re Estate of Weber* (1980), 81 Ill. App. 3d 257, 401 N.E.2d 245.

After our decision in the 1978 appeal, Riley filed a petition in the circuit court requesting $3,750 payment from decedent's estate for services rendered in the course of that appeal. The trial court denied Riley's petition, and he has perfected this appeal, contending that section 27—2 of the Probate Act of 1975 (Ill. Rev. Stat. 1977, ch. 110½, par. 27—2) authorizes compensation to the attorney of a conservator.

● ■ ■ We are persuaded that section 27—2 does not require the circuit court to award a fee here. Riley was not providing legal services for benefit of the estate but rather was engaged primarily for the purpose of defending the excessive fees charged by the conservator and the conservator's attorney. It has been held that the authority to fix fees implies the authority to disallow them and that counsel fees should be rejected when the legal services rendered do not benefit the estate. (*In re Estate of Minsky* (1978), 59 Ill. App. 3d 974, 376 N.E.2d 647.) We do not believe the trial court's ruling was manifestly or palpably erroneous under the circumstances of this case. (*Cf. In re Estate of Brown* (1978), 58 Ill. App. 3d 697, 374 N.E.2d 699; *In re Estate of Jaysas* (1961), 33 Ill. App. 2d 287, 179 N.E.2d 411.) Accordingly, we affirm the order of the Circuit Court of Will County.

Affirmed.

ALLOY and BARRY, JJ., concur.