81 Ill. App.3d 257 (1980)
401 N.E.2d 245
In re ESTATE OF EFFIE WEBER.  (ERNEST R. HAMPSHIRE et al., Appellants,
v.
META USELMAN, Appellee.)
No. 79-362.
Illinois Appellate Court  Third District.
Opinion filed February 7, 1980.
Rehearing denied March 24, 1980.
Francis X. Riley, of Glen Ellyn, for appellants.
Craig Armstrong and William T. Surin, both of Ottawa, for appellee.
Judgment affirmed.
Mr. JUSTICE STENGEL delivered the opinion of the court:
For the second time we are asked to review a determination of fees for the conservator and his attorney for services performed on behalf of Effie Weber, an incompetent. Because the facts of the original litigation are set out fully in In re Estate of Weber (1978), 59 Ill. App.3d 274, 375 N.E.2d 569, we will only mention those essential to an understanding of the issue presented by this appeal.
When Effie Weber was adjudged incompetent in 1978, 87-year-old Ernest Hampshire was named conservator of her estate, and Hampshire retained Joseph E. Boles as his attorney. Hampshire served for about four months before being replaced by a Joliet bank. Shortly before Hampshire filed his final report, Mrs. Weber died, and the bank, having been named executor of her estate, consented to approval of the report and received the $43,000 worth of assets belonging to the estate. The conservatorship was duly terminated and the estate closed, only to have Hampshire's report challenged by a legatee, Meta Uselman. After her objections were considered and rejected by the trial court, Uselman appealed, and we affirmed in part but reversed the allowance of $1,500 fees for the conservator and $3,015 fees for his attorney because there was nothing in *258 the record to indicate the basis for those fees. We remanded the cause to the Circuit Court of Will County for a redetermination of fees based upon the reasonable value of the services rendered.
Upon remand the trial court heard testimony from Boles about his work opening the conservatorship, depositing dividend and garage rental income checks, compiling and filing the inventory, obtaining an appraisal, filing supplemental inventories, preparing and presenting a petition to authorize emergency surgery upon Mrs. Weber, attendance at the hearing upon the petition to remove Hampshire as conservator, preparation of final report, and arrangements for transfer of assets to executor. Boles stated that he spent in excess of 92 hours, that his services are worth $60 per hour, but that he was satisfied with his original fee of $3,015 as fixed by trial judge Emil DiLorenzo. Boles also testified to the duties performed by Hampshire as conservator which included looking after the Weber house, collecting the mail, and visiting Mrs. Weber in the hospital and nursing home.
At the conclusion of Boles' testimony, the trial court allowed a conservator's fee at the rate of $50 per week for a total of $800 and an attorney's fee of $1,600. Hampshire and Boles appeal from that order, contending that the evidence at the hearing upon remand would support the higher fees originally awarded. They do not argue that the lower fee allowance was contrary to the manifest weight of the evidence or that it was so palpably erroneous as to be an abuse of the trial court's discretion.
 1, 2 The amount to be paid to an attorney for services rendered by him for an administrator or other personal representative has been held to be a matter peculiarly within the province of the probate court, and the fee is to be determined by the court in exercise of judicial discretion. (In re Estate of Jaysas (1961), 33 Ill. App.2d 287, 179 N.E.2d 411.) On the basis of the record on appeal, we are persuaded that no abuse of discretion occurred. Accordingly, we affirm the judgment of the Circuit Court of Will County setting the fees at $800 and $1,600, respectively.
Affirmed.
ALLOY and BARRY, JJ., concur.