In re ESTATE OF WALTER M. DUDEK, Deceased.—(GROBLE & GROBLE, LTD., Petitioner-Appellant, v. EDWARD DUDEK et al., Respondents-Appellees.)

Third District   No. 79-428

Opinion filed August 20, 1980.

BARRY, J., dissenting.

Raymond H. Groble, Jr., of Groble & Groble, Ltd., of Chicago, for appellant.

Thomas J. Gilbert, of Massey, Penn & Gilbert, of Joliet, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

In the probate proceedings involving the estate of Walter M. Dudek, deceased, the executor was represented by the professional legal corporation of Groble & Groble, Ltd., a Chicago law firm, and by attorney Joseph E. Boles of Joliet as local counsel. At the conclusion of the estate proceedings, Groble & Groble, Ltd., petitioned for an allowance of $12,000 fees to the corporation and for $1,500 to Boles for services rendered to the executor. The petition recited in considerable detail the work performed, most of which related to the 60 acres of real estate constituting the principal asset of the estate, and included an accounting of time expended, as follows:

| | |
|---|---|
| Probate Proceedings | 129.5 hours |
| Sale of Real Estate | 49.25 " |
| Sale of Pipeline Easement | 6.00 " |
| Defense and dismissal of specific performance suit. | 10.00 " |
| Participated as attorneys for defendant executor in suit to set aside deeds and partition. | 53.75 " |
| Total | 248.50 hours |

The petition stated that the reasonable fee, computed at the prevailing rate of $50 per hour, would be $12,225 and that attorney Boles requests an additional $1,500 for the services rendered by him, which services were alleged to be in addition to those performed by Groble & Groble. In brief, petitioners performed the customary probate services and also negotiated sale of a pipeline easement of $10,800; cleared title to and sold the real estate; participated as a party in two chancery proceedings involving disputes between heirs and legatees, one of which necessitated four days attendance at trial; and arranged for the sale of junk metal located on the premises. The total value of the estate was $174,352.

Objections were filed to the petition, and the cause was heard by Judge John Verklan, who had also presided at the chancery proceeding to set aside deeds and for partition. The trial court entered a written order which included as findings, *inter alia*, the following:

"5. That the attorneys for the executor have spent considerable time in the estate and both chancery proceedings, which time totaled 248.5 hours.

6. That the work performed was not highly complex, unusually difficult or novel although many of the transactions in regard to the probate proceedings, sale of real estate and sale of pipe line

easement were more than routine matters and were advantagious [*sic*] to the estate.

7. That the executor was only a nominal party in said two chancery proceedings which did not substantially affect the estate proceedings and that her role therein was largely secondary and mainly to see that the real parties in interest could be facilitated and that the unusual amount of time expended by her attorneys in said chancery causes is not justified.

8. That said attorneys are experienced and skillful and acted in good faith.

9. That considering the size of the estate, the work done, the time expended and the aforesaid that the reasonable attorneys' fee for the executor is the sum of $8,500.00."

■■ The petitioners have appealed, contending that the single fee allowance for both attorneys was inadequate and that the court erred in failing to award the full amount requested. Petitioners discuss at length the services they performed and the general rules governing compensation of attorneys. It would unduly lengthen this opinion to attempt to discuss their contentions in detail. Quite clearly, we are asked to reweigh the evidence and to substitute our judgment for that of the trial court. Such is not the function of the reviewing court.

■■ The proper test to be applied upon appeal was set forth by this court recently in *In re Estate of Weber* (1980), 81 Ill. App. 3d 257, 258, 401 N.E.2d 245, 246, as follows:

> "The amount to be paid to an attorney for services rendered by him for an administrator or other personal representative has been held to be a matter peculiarly within the province of the probate court, and the fee is to be determined by the court in the exercise of judicial discretion. (*In re Estate of Jaysas* (1961), 33 Ill. App. 2d 287, 179 N.E.2d 411.)"

In *Weber*, as here, the petitioners were not granted the full amount of the fees sought, and there, as here, they did not argue upon appeal that the fees allowed were contrary to the manifest weight of the evidence or were so palpably erroneous as to be an abuse of the trial court's discretion. There, as here, we affirmed the trial court.

Additionally, we note no inherent inconsistency in the trial court's findings that the attorneys spent 248.5 hours as claimed, that they were experienced, skillful and acted in good faith, but nevertheless that the amount of time expended was not justified under the circumstances. We believe the trial court intended to dispel any possible inference that the attorneys for the executor purposefully expended an excessive number of hours or otherwise acted in bad faith. The court apparently concluded that, under the circumstances, the petitioners' hourly rate computation should not be the sole determinant in arriving at a reasonable fee. See *In*

*re Estate of Brown* (1978), 58 Ill. App. 3d 697, 374 N.E.2d 699; *In re Estate of Parlier* (1976), 40 Ill. App. 3d 840, 354 N.E.2d 32.

■■ We cannot say that the trial court acted in abuse of its discretion in allowing fees of $8,500 for the executor's attorneys. Accordingly, we affirm the order of the Circuit Court of Will County.

Affirmed.

ALLOY, P. J., concurs.

Mr. JUSTICE BARRY, dissenting:

The majority opinion contains an inadequate summary of the facts, and, accordingly, I must elaborate generally and will necessarily be repetitious.

This appeal was brought by Groble & Groble, Ltd., a professional corporation of Illinois lawyers. That firm along with Attorney Boles represented Jean Bednarski, the executor of the estate of Walter M. Dudek, in the administration of the decedent's estate and in several matters closely related to the estate and its assets. The appellant law firm prepared the final account in the estate for the executor and petitioned the court for "reasonable" attorney fees in the amount of $13,500 for services rendered to the executor. Several of the appellees herein, Edward Dudek, Barbara Metcalf, Walter Dudek, Michael Dudek, and Josephine Sutton, filed objections to the final account. Those objections were allowed to stand as an answer to the appellant's petition for reasonable attorney fees. Following a hearing on the petition for attorney fees and the objections to the final account the trial court entered an order fixing the attorney fees at $8,500, the executor's fees at $3,500, and ruled upon the other objections to the final account.

As the appellant claims that the $8,500 fee fixed was inadequate, the point is made that "the trial court misapprehended the significance of the role performed by attorney for the executor in the cases" involved.

It is not disputed that the value of the estate was $174,352, and that the appellant spent a total of 248.5 hours of time representing the executor of the estate in her official capacity.

The appellant urges, however, that it performed certain extraordinary and unusual services for the executor in connection with the administration of the decedent's estate. The real estate was initially "insolvent," consisting primarily of 60 acres of vacant real estate except for the small home of the decedent located at one corner, and it is obvious that the property was laden with junk. The real estate was encumbered also by a myriad of title problems. The heirs resisted both the appointment of Jean Bednarski as executor of the estate and a court-ordered sale of the junk located upon the property.

The appellant handled the sale of an easement over the decedent's real estate for a pipeline for a price of $10,800 and attempted to resolve the sale of the easement without decreasing substantially the value of the real estate for its ultimate sale by the estate. The appellant further had to resolve an encumbrance on the real estate created by one of the heirs and legatees, namely Michael Dudek and his wife, Antionette Dudek, who entered into contracts to sell the decedent's real estate. The first contract gave rise to an equity action to compel specific performance in which the executor was named as a party defendant (cause No. W-75G 301L in the Circuit Court of Will County). The second contract by Michael Dudek and Antionette Dudek with Richard E. Janovsky and Richard Hosbach and Associates for the sale of a part of the decedent's real estate further encumbered the title. The executor was also named as a defendant in the partition suit filed by Edward Dudek (cause No. 72G 1087 Ch. in the Circuit Court of Will County). Appellant participated in representing the executor in both of the above lawsuits, spending the hours in defense thereof as found by the trial court. (It is acknowledged that four days in trial were necessary in one of the chancery proceedings.) The appellant also cleared the many title exceptions raised by a commercial title company and ultimately closed the sale of the real estate. In so closing the sale the appellant prepared a land trust pursuant to a settlement agreement in the specific performance lawsuit (case No. W-72-G-1087). The handling of the estate and the associated matters consumed about 4½ years.

The attorney for the representative of a decedent's estate is entitled to reasonable compensation for his services. (Ill. Rev. Stat. 1977, ch. 110½, par. 27—2.) Many factors should be considered by the trial court to guide its determination of what is a reasonable attorney fee. The Illinois Code of Professional Responsibility Disciplinary Rule 2—106(b) provides:

"* * * Factors to be considered as guides in determining the reasonableness of a fee include the following:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent."

The American Bar Association's Committee on Ethics and Professional Responsibility in a formal opinion numbered 329 has concluded that "[n]o reasonable method of fixing fees which takes into account the factors enumerated in D.R. 2—106(b) is proscribed by the Code of Professional Responsibility." Code of Professional Responsibility—Annotated (Illinois) (Ill. Inst. Cont. Legal Educ. 1978).

The trial court found that the attorneys for the executor have spent 248.50 hours in performing services for the executor in handling this estate, as aforesaid, and found that the attorneys were experienced and skillful and acted in good faith. Despite these findings of fact the trial court concluded in its order that the substantial time expended by the attorneys in defending the two chancery proceedings was "unnecessary and unwarranted". The trial court's order further determined that the work performed by the attorneys for the executor "was not highly complex, unusually difficult, or novel, although many of the transactions in regard to the probate proceedings, sale of real estate and sale of pipeline easement were more than routine matters and were advantageous to the estate."

The general rule is that the trial court has a great deal of discretion in determining what is reasonable compensation for the personal representative of an estate and his attorney. (*In re Estate of Minsky* (1978), 59 Ill. App. 3d 974, 376 N.E.2d 647.) The trial court's decision regarding such a reasonable attorney fee will not be set aside on appeal unless it is a case of wrongful exercise of the trial court's judgment, or where the determination of the trial court is manifestly or palpably erroneous or a clear abuse of discretion. (*In re Estate of Saperstein* (1974), 24 Ill. App. 3d 763, 321 N.E.2d 328.) The time expended by an attorney in performing a service for his client is of great importance in determining the reasonableness of an award of attorney fees. (*Fiorito v. Jones* (1978), 72 Ill. 2d 73, 377 N.E.2d 1019.) However, the actual number of hours spent by an attorney in rendering services to his client need not be the sole or controlling factor in determining what is a reasonable amount of attorney fees. (*Leader v. Cullerton* (1976), 62 Ill. 2d 483, 343 N.E.2d 897.) As indicated by the Illinois Code of Professional Responsibility, several factors in addition to the amount of time expended should be considered in determining reasonable attorney fees in probate proceedings. These include the size of the estate, the actual work performed, the skill with which the work was performed, and the advantages gained or sought by the services rendered. *In re Estate of Brown* (1978), 58 Ill. App. 3d 697, 374 N.E.2d 699.

It is obvious from the record that the trial court, though not

personally involved with all of the formal activities concerning this estate, did consider not only the time expended by the appellant but other applicable factors as well in determining the amount of attorney's fee in this case. I believe, however, that the probate court, as evidenced by his written order, misapprehended the nature of all the work performed by the appellant. The finding that the representation of the executor as defendant in the specific performance suit and in the partition suit was unnecessary and unwarranted is erroneous under the applicable legal standard. (See *Saperstein*.) Manifest error is also present in the finding of the trial court that the amount of time expended by the appellant in defense of the two chancery proceedings was not justified. The amount of time spent by the appellant firm was not questioned, and the executor did not initiate or involve the estate in unnecessary litigation. She was involuntarily involved in both a specific performance suit and in a partition suit. It is unquestioned that the appellant's necessary representation and participation in both lawsuits and the favorable results finally reached did greatly benefit the estate. These particular lawsuits had a great impact upon this estate, which was initially without any funds. Furthermore, the decree in the partition suit (No. 72-G-1087 Ch) placed the principal responsiblity for carrying out its terms upon the executor and hence her attorney. A successful defense of the specific performance suit (No. W-75G-3001L) was necessary to obtain a clear title to the decedent's real estate and complete the sale thereof. Furthermore, the services of the appellant were not duplications.

I place great emphasis upon the finding of the trial court "[t]hat said Attorneys are experienced and skillful and acted in good faith." I have recited the advantageous results of the appellant's services for the estate. The trial court did not find a lack of diligence or reasonable prudence in the appellant, and in finding the appellant acted skillfully and in good faith, it seems obvious this conclusion is contrary to the simultaneous finding by the same trial court that part of the services rendered were unnecessary and unwarranted. I believe in this respect the order of the trial court is manifestly against the weight of the evidence contained in the record and unsupportable under present law recited by the majority opinion.

To expect acknowledged competent professionals to work, as the majority suggests, for no more than is now paid for some mechanical services, to wit, a gross of $35 per hour, is unreasonable in my opinion.

The judgment of the Circuit Court should be reversed.